## STAR FIRE CLAY CO. v. BUDNO.

(Circuit Court of Appeals, Sixth Circuit. December 13, 1920.)

No. 3413.

1. **Master and servant** &⩴230(1)—**Contributory negligence of child unlawfully employed no defense.**

An employer of a boy under 15 years of age in a mill or factory in violation of Gen. Code Ohio, § 12993, prohibiting such employment, cannot avoid liability for the injury or death of the boy, of which such employment was the proximate cause, on the ground of contributory negligence of the child.

2. **Death** &⩴24—**Parent cannot recover for death of child unlawfully employed with his consent.**

Gen. Code Ohio, § 12993, prohibits employment of a boy under 15 years of age in any mill, factory, etc., and section 13007—9 makes a violation of such provision a penal offense on the part of both the employer and a

---

&⩴For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

parent or guardian who permits such employment. Section 10772 of such Code gives a right of action for death caused by negligence, which would have entitled the deceased to recover if he had survived the injury, for the benefit of next of kin. *Held*, under the law of the state as established by its courts, that an action against the employer for the death of a boy under 15, killed while employed in a mill or factory in violation of the statute, cannot be maintained for the benefit of a parent who consented to such employment.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver Judge.

Action at law by Michael Budno, Sr., administrator of the estate of Michael Budno, Jr., deceased, against the Star Fire Clay Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

P. M. Smith, of East Liverpool, Ohio, for plaintiff in error.
W. A. O'Grady, of Wellsville, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This proceeding in error is brought to reverse the judgment of the United States District Court, Northern District of Ohio, Eastern Division, in an action in which Michael Budno, Sr., as administrator of the estate of Michael Budno, Jr., deceased, sought to recover damages for the benefit of next of kin of decedent. The petition filed in the District Court avers that the death of Michael Budno, Jr., was caused by and through the negligence of the defendant, the Star Fire Clay Company; that the decedent left surviving him his father and mother, Michael Budno, Sr., and Mary Budno, who sustained a pecuniary damage by his death, and two brothers and five sisters, who sustained a nominal pecuniary loss and damage by the wrongful death of the decedent.

The petition further avers that the Star Fire Clay Company was negligent in several particulars, but the trial court, in view of the fact that defendant was protected under the Workmen's Compensation Law of Ohio (102 Ohio Laws, p. 524), confined the issue submitted to the jury to the question of unlawful employment of Michael Budno, Jr., at the time of the injury resulting in his death. In respect to this the petition averred that he was then under the age of 14 years and was employed by the defendant in violation of section 12993 of the General Code of Ohio, which provides that:

"No male child under fifteen years * * * of age shall be employed, permitted or suffered to work in, about or in connection with any mill, factory, workshop, mercantile or mechanical establishment," etc.

The answer averred, among other things, that Michael Budno, Jr., deceased, was employed at the request of his parents and brother. The reply denied this allegation in the answer. On the trial of the case evidence was introduced directed to the issue so joined. The jury was instructed by the court to disregard, for all practical purposes, the brothers and sisters of Michael Budno, Jr., in assessing damages, if the jury should find upon the evidence for the plaintiff.

The defendant requested the following charge to be given:

"(3) If you should find the parents of Michael Budno, Jr., knew of his employment by the defendant in its factory, and consented thereto, and knew their son was under 16 years of age, these facts would prevent you from finding any verdict in this case for the benefit of the consenting parent or parents to the employment of their son in the manufactory of the defendant, would bar them from recovering any sum whatever because of his death."

The court refused to give this charge, but, on the contrary, charged as follows:

"You will also disregard any defense urged upon you on the theory that the parents of the decedent were negligent, and that their negligence is to be imputed to the deceased boy, in suffering or permitting him to be employed or to work in or about that factory. The law forbidding the employment of or the suffering or permitting infants under the age of 15 years to work in or about forbidden employment cannot be nullified, or the effect thereof obviated, by charging the parents or next of kin with the responsibility for permitting them to be so employed. The burden is upon the employer or the owner of a factory, mill, or workshop of the forbidden character to see that they are not so employed or suffered or permitted to work there."

The defendant excepted to the refusal of the court to give in charge to the jury its request No. 3 and also to the foregoing portion of the charge as given. Several other special exceptions and a general exception were also taken to the charge as given; but the principal question presented for the consideration of this court by this proceeding in error is the correctness of the charge given by the court touching the negligence, if any, of the parents of the deceased, for whose benefit this action was brought in the name of the administrator.

[1] The plaintiff in error, however, insists that the contributory negligence of Michael Budno, Jr., as shown by the evidence in this case, also bars a recovery. Section 12993 of the General Code of Ohio is for the benefit of infants under the age of 15 years. One of the principal reasons, if not the sole reason, for the enactment of this statute, was undoubtedly the fact that a child of less age than 15 years is incapable of protecting itself from the dangers necessarily incident to employment in mill, factory, workshop, or other places named therein. The plaintiff in error cannot avail itself of contributory negligence on the part of a child for whose protection and benefit this act was passed, to avoid its liability for violation of its provisions.

It is urged in the brief and oral argument of counsel for plaintiff in error that there is no evidence tending to show that the violation of this statute by the Star Fire Clay Company in the employment of a minor under 15 years of age was the proximate cause of the injury, but it is evident that by reason of this employment this child was exposed to the danger from which this statute sought to protect him. The fact that he may have disobeyed the superintendent, and was playing about others parts of the factory at the time he received his injury, is no defense whatever. That is just what a child of this age might have been expected to do, so that the approximate cause of this injury was the negligence of the defendant in placing this immature child in proximity to dangerous machinery, in defiance of the purpose and intent of the statute to protect him and all other children under 15 years of age from dangers of this character.

[2] If the plaintiff in error violated the provisions of this section,

such violation was negligence per se, and if such negligence was the approximate cause of the injuries to Michael Budno, Jr., which injuries resulted in his death, the administrator is entitled to recover for and on behalf of the beneficiaries named in the statute, unless for other reasons such beneficiaries are not entitled to recover. Variety Iron & Steel Co. v. Poak, 89 Ohio St. 297, 106 N. E. 24; Railroad Co. v. Van Horne, 69 Fed. 139, 16 C. C. A. 182; Narramore v. Railway Co., 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68.

Section 13007—9 of the General Code of Ohio provides in substance, that any person, firm, or corporation who employs any child, and whoever having under his control, as parent, guardian, custodian, or otherwise, any child, permits such child to be employed or to work in violation of any of the provisions of chapter 11, title 1, of General Code of Ohio, shall upon the first offense be punished by a fine, etc.

The right to recover in this action is based solely upon the violation by the defendant of the provisions of section 12993. However, it is not the intention or purpose of that section to create a right of action for damages for its violation, either in favor of the person injured or in favor of his administrator for the benefit of next of kin, where the injury results in death. That right is based upon other provisions of the Ohio General Code, and upon the construction by the Supreme Court of that state, that the violation of penal statute of this character is negligent per se.

Where the injury, occasioned by negligence, results in the death of the injured person, section 10772 of the General Code of Ohio provides that the action shall be brought in the name of the personal representative of the deceased person, but that:

"Such action shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then the parents and next of kin of the person whose death was so caused."

It has been held by the Supreme Court of Ohio that in such action—

"The administrator is a mere nominal party, having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiaries in said sections named." Wolf, Adm'r, v. Railway Co., 55 Ohio St. 517, 45 N. E. 708, 36 L. R. A. 812; Steel v. Kurtz, 28 Ohio St. 191.

It is therefore apparent that the beneficiaries are in no better position to secure a judgment for damages by and through an action in the name of the administrator than if action had in fact been brought in their own names. If Michael Budno, Jr., was a child under 15 years of age, under the control of his parents, and his parents requested, permitted, or suffered him to be employed in violation of the provisions of section 12993 of the General Code of Ohio, they were equally guilty with his employer, the Star Fire Clay Company, of an offense under this statute, and liable to the same punishment in a criminal prosecution under the provision of section 13007—9 as the corporation employing him.

Section 12993 expressly declares a wise public policy for the protection of children as against, not only the cupidity of employers, but also as against the cupidity of parents, guardians, and others having cus-

tody and control of such children. Therefore, if a violation of this statute is negligence per se on the part of the employer, it is equally negligence per se on the part of parents, guardians, or others having control of male children under 15 years of age. Nor would it add anything to the maintenance and enforcement of this wise and salutary public policy to permit one who violates this provision to recover from another equally guilty of the same offense. On the contrary, the effect of such a construction would tend to encourage rather than discourage parents in permitting their children to be employed in violation of the terms of this statute.

It is true that section 10770 of the Ohio Code provides that:

"When the death of a person is caused by wrongful act, negligence or default, such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured."

It is also undoubtedly true that, if Michael Budno, Jr., had survived his injuries, he would have been entitled to recover damages from the defendant, the Star Fire Clay Company, for and on account of the violation of this statute by that corporation. Variety Iron & Steel Co. v. Poak, supra. But, no matter how this court would be inclined to construe this statute of Ohio, it is required to follow the construction given it by the court of last resort of that state, and from an examination of these decisions it would appear that the right of these beneficiaries to recover is no longer an open question in Ohio. These decisions seem to establish another public policy of equal importance, and that is that no person may profit by his own wrong.

So far as we have been able to investigate these authorities, it would appear that this question was first discussed and considered by the Supreme Court in the case of Railway Co. v. Snyder, 18 Ohio St. 400, 98 Am. Dec. 175. That was an action by Mary Snyder, an infant, by her next friend, to recover damages for injuries she sustained through the negligence of the railway company while she was crossing its track on her way to school. In that case the court affirmed the judgment in favor of Mary Snyder, notwithstanding it was urged on the part of the company that she was in the custody of an older child, who was guilty of negligence contributing to the injury. In the opinion in that case the court quotes with approval the following language from Railway Co. v. Mahoney, 57 Pa. 187:

"If, however, this was an action by the father to recover damage for the death of the child, a very different question would be presented. It would * * * probably be held that it was negligence to suffer such an infant to be on the streets without a caretaker, and he could not hold the defendants responsible, whether he had appointed a caretaker who was negligent or left the child to roam at large without one."

This was followed by the case of Railway Co. v. Snyder in 24 Ohio St. 670. Daniel Snyder was the father of Mary Snyder, who had recovered in the case reported in 18 Ohio St. 400, above cited. Daniel Snyder, as father, sought to recover damages that he had sustained by

reason of the injury to his infant daughter Mary, but the Supreme Court of Ohio held in that case that:

"Where an infant child, intrusted to the care and custody of another by the father, is injured through the negligence of a railroad company, the custodian of the child also being guilty of negligence contributing to the result, although the infant may maintain an action for such injury, the father cannot; the negligence of his agent, the custodian of the child, being in law the negligence of the father."

In the same volume, however, in the case of Railway Co. v. Crawford, 24 Ohio St. 631, 15 Am. Rep. 633, it was held that where the death of an intestate is caused by the wrongful act of a defendant—

"it is not competent for the defendant, in order to defeat the action, to prove that some of the next of kin of the intestate, for whose benefit the action is prosecuted, were guilty of negligence which contributed to the injury that resulted in the death."

In the opinion, on page 641 of 24 Ohio St. (15 Am. Rep. 633), it is said that because of the fact that—

"the amount recovered in such cases is a gross sum, which the statute directs to be distributed to the next of kin, in the proportions provided by law in relation to the distribution of personal estates, if contributory negligence on the part of some of the next of kin would defeat a recovery as to them, it would also defeat a recovery for the benefit of those who in no wise contributed to the injury."

Sections 6134 and 6135 of the Revised Statutes, upon which plaintiff in the case of Railway v. Crawford, supra, relied for recovery have been materially amended, and as amended authorize the jury to determine the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought, so that the reason given by the court in its opinion affirming the judgment in that case no longer obtains.

The case of Davis v. Guarnieri, 45 Ohio St. 470, 15 N. E. 350, 4 Am. St. Rep. 548, was under the amended statute, but as, the Supreme Court of Ohio said, in the case of Wolf, Adm'r, v. Railway Co., 55 Ohio St. 517–537, 45 N. E. 708, 36 L. R. A. 812, the question of contributory negligence of one of the beneficiaries was not raised by the pleading, although it seemed that "it lurked in the record", that, on the contrary, the defense sought to avoid all liability to any of the beneficiaries by imputing the negligence of the husband to the wife, instead of reducing the recovery by withholding damages from the husband and awarding damages to the child only. This case also discusses Railway v. Crawford, supra, calling attention to the difference in the statute as amended and as it read when the cause of action arose in that case, and, further commenting upon the opinion in that case, says: "The conclusion reached was correct as the statute then stood" —and again, that case came "within the principle that the rights of the innocent must be protected, even though thereby the guilty reap some benefit."

Wolf, Adm'r, v. Railway Co., supra, however, fully disposes of the question presented by the record in this case under the statute as it now reads. The opinion reviews all the cases upon that subject, and in

the third paragraph of the syllabus announces the law of Ohio to be that:

"In such actions the defense of contributory negligence is available as against such beneficiaries as, by their negligence, contributed to the death of the deceased, but the contributory negligence of some of the beneficiaries will not defeat the action as to others, who were not guilty of such negligence." ·

At page 531 of 55 Ohio St., at page 710 of 45 N. E. (36 L. R. A. 812) it is said:

"To award damages to a parent guilty of contributory negligence in such case would permit him to profit by his own wrong, and besides it would be in direct conflict with the universal rule as to contributory negligence."

In the opinion the court reviews the provisions of the statute in reference to the right of the administrator to recover for the benefit of next of kin, in cases where, if the injured party had survived the injury, he might have maintained an action for damages, but, notwithstanding this provision of the statute, denies recovery to any beneficiary guilty of contributory negligence. The court also cited with approval from section 391 of Booth on Street Railways, in which it is said:

"If the action is for the benefit of those relatives only who were guilty of negligence, their failure of duty should constitute a complete defense; for it would be unreasonable and unjust to permit them by an action of that kind, to recover damages for the loss of services of one whose life they had negligently sacrificed."

Also section 69, Tiffany on Death by Wrongful Act, and section 131, Beach on Contributory Negligence, to the same effect.

In the case of Railway Co. v. Workman, 66 Ohio St. 509, 64 N. E. 582, 90 Am. St. Rep. 602, the Supreme Court of Ohio held that:

"It was error to refuse to charge the jury, as requested, that if they should find that the father of the deceased was guilty of negligence directly contributing to the death of his son, the parent could not recover for any pecuniary loss suffered by the father for the death of his son, citing with approval Wolf, Adm'r, v. Railway Company, supra."

This would appear to be the last expression of the court of last resort of Ohio upon this question.

It is clear from these decisions that no recovery can be had in that state by an administrator under the death benefit statute on behalf of any beneficiary guilty of negligence contributing to the injury causing the death of deceased. As the right of the administrator to recover in this action depends upon the Ohio statute, the decisions of the Ohio Supreme Court construing these statutes must necessarily be followed by this court.

The fact that the negligence upon which the administrator relies for a recovery consisted of a violation of a criminal statute designed and intended to protect children of immature age from being exposed to dangerous machinery cannot change or alter the effect of these decisions. He must recover, if at all, on the theory of negligence, and this statute, notwithstanding it declares a wise public policy, can have no application to this action further than in the determination of the question of negligence on the part of the defendant. This case differs

in no respect from other cases of negligence, other than in the means of proving the negligence of the defendant. When that was accomplished by proving that defendant had violated the provisions of this statute, the statute so far as this case is concerned had expended its full force, and the defendant was entitled to every available defense under the law of negligence, except, perhaps, that it could not be permitted to show in opposition to the purpose and intent of the statute that this child was himself guilty of contributory negligence. It would certainly aid nothing in the enforcement of the public policy declared by this statute to permit one equally guilty of the violation of its terms to recover from an accomplice in the commission of this crime against this child. On the contrary, it would be putting a premium upon the violation of this statute by the parent, although the statute declares that the parent is equally guilty and subject to the same penalties as the employer, so that all of the argument advanced in favor of permitting a recovery to be had against the plaintiff applies with equal force to a denial of such recovery in favor of a parent who wantonly violated a statute enacted for the protection of his own child.

The question as to contributory negligence of the parents of Michael Budno, Jr., or either of them, should have been submitted to the jury under proper instructions by the court.

Defendant's request 3 was perhaps properly refused by the court, because the age stated therein is 16 years, instead of 15 years; otherwise, the request properly states the law of Ohio in reference to the issue involved. It was, however, prejudicial error for the trial court to charge the jury that the parents could recover, notwithstanding that one or both of them may have been equally guilty with the defendant in violating the provisions of section 12993 of the General Code of Ohio.

For this reason the judgment of the District Court is reversed, and cause is remanded for further proceeding and trial, in accordance with this opinion.