## CHESAPEAKE & OHIO RAILWAY COMPANY *v.* STAPLETON.

No. 133. Submitted January 2, 1929. Restored to docket and argued April 9, 1929.—Decided May 27, 1929.

Mr. *Le Wright Browning* for petitioner.

Mr. *George B. Martin* for respondent.

Mr. Chief Justice Taft delivered the opinion of the Court.

Plaintiff is a citizen of Kentucky, and at the time of the suit was between 15 and 16 years of age. Marion Stapleton was his father and guardian. The Chesapeake and Ohio Railway Company is a railway corporation of Virginia, doing an interstate commerce business in Kentucky. The plaintiff and his father were employed by the defendant as section hands and were engaged in maintaining the railroad and the roadbed for interstate commerce. The plaintiff was directed by his father, who was his foreman, to get water for his companions. In returning with the water he passed between or under the cars of a train standing on a switch track. The train moved unexpectedly while he was under the cars, he was run over and sustained permanent injury. The evidence showed that the boy was large and well developed and had been working as a section hand and water carrier for nine months previously.

The law of Kentucky in force at the time of the accident was §331a–9 Carroll's Kentucky Statutes, 1922, as follows:

"Children under sixteen; where not to work.

"No child under the age of sixteen years shall be employed, permitted or suffered (1) to sew or assist in sewing belts in any capacity whatever; (2) nor to adjust any belt to machinery; . . . (6) nor to work upon any railroad whether steam, electric or hydraulic; (7) nor to operate or to assist in operating any passenger or freight elevator. . . ."

Section 331a–16 of the same statute provided:

"Whoever employs or suffers or permits a child under sixteen years of age to work, and any parent, guardian or any adult person under whose care or control a child under such age is, who suffers or permits such child to work, in violation of any of the provisions of this act, shall be

punished for the first offense by a fine of not less than fifteen dollars nor more than fifty dollars; for second offense by a fine of not less than fifteen dollars and nor [not] more than one hundred dollars, or by imprisonment for not more than thirty days, or by both such fine and imprisonment; for a third or any subsequent offense by a fine of not less than two hundred dollars, or by imprisonment for not less than thirty days, or by both such fine and imprisonment. . . ."

Suit was brought under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65. The case was tried to a jury and resulted in a verdict of $17,500. The Kentucky Court of Appeals affirmed the judgment. 233 Ky. 154. The case comes here on certiorari, and the error chiefly pressed is the giving of charge No. 3, as follows:

".The court instructs the jury that if they believe and find from the evidence that the defendant Chesapeake and Ohio Railway Company employed the plaintiff to work for it as a section hand at a time when he was under sixteen years of age, and if they further believe and find from the evidence that the plaintiff while working for it as a section hand in the course of said employment, was injured at a time when he was under the age of sixteen years, then the law is for the plaintiff, and the jury will so find. Unless they so believe they will find for the defendant."

The language of the Federal Employers' Liability Act shows unmistakably that the basis of recovery is negligence and that without such negligence no right of action is given under this Act. *New York Central R. R.* v. *Winfield*, 244 U. S. 147, 150; *Erie R. R.* v. *Winfield*, 244 U. S. 170, 172. The question squarely presented here is whether the employment by an interstate carrier in Kentucky in the business of interstate commerce of a worker under the age of sixteen years is by reason of the state statute

negligence justifying a recovery under the federal Act for injuries received during such employment. Instruction No. 3 as given above dispenses with any burden on the part of the plaintiff to show that his injury was due to his age.

This Court, in the case of *Chicago, M. & St. P. Ry.* v. *Coogan*, 271 U. S. 472, 474, said:

"By the Federal Employers' Liability Act, Congress took possession of the field of employers' liability to employees in interstate transportation by rail; and all state laws upon that subject were superseded. *Second Employers' Liability Cases*, 223 U. S. 1, 55; *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 501. The rights and obligations of the petitioner depend upon that Act and applicable principles of common law as interpreted by the federal courts. The employer is liable for injury or death resulting in whole or in part from the negligence specified in the Act; and proof of such negligence is essential to recovery. The kind or amount of evidence required to establish it is not subject to the control of the several States. This court will examine the record, and if it is found that as a matter of law, the evidence is not sufficient to sustain a finding that the carrier's negligence was a cause of the death, judgment against the carrier will be reversed."

In *St. Louis, Iron Mountain & Southern Ry.* v. *Hesterly*, 228 U. S. 702, it was held that the federal Act saves a right of action to relatives for pecuniary loss sustained by the death of the one wrongfully injured, but does not permit a recovery for pain and suffering of the decedent, although in suits under the state law such a recovery may be had. See also *Michigan Central R. R.* v. *Vreeland*, 227 U. S. 59.

In *Seaboard Air Line* v. *Horton*, 233 U. S. 492, this Court held that a state statute as to assumption of risk does not apply to a suit for an injury under the Federal

Employers' Liability Act, but only the common law on that subject as interpreted by the Federal courts.

In *New York Central R. R.* v. *Winfield,* 244 U. S. 147, Winfield was a section laborer in interstate commerce. He was tamping a cross tie and a pebble rebounded and hit his eye. He applied for compensation under a workmen's compensation act of the State. It was held that as his injury was not due to negligence on part of the railroad, and did occur in interstate commerce, the Federal Employers' Liability Act excluded recovery for it.

In *North Carolina R. R.* v. *Zachary,* 232 U. S. 248, the action was brought in a state court of North Carolina to recover damages for the negligent killing of a locomotive fireman of the Southern Railway Company, lessee of the defendant. Under the law of the State, the North Carolina Railroad as lessor of the Southern Railway Company was held responsible for all acts of negligence occurring in the conduct of business upon the lessor's road and its liability was extended to employees of the lessee, injured through the negligence of the latter. The State Supreme Court held that the Federal Employers' Liability Act did not apply. This Court reversing that court held that the Federal Employers' Liability Act did apply to the case and that the case should be submitted to the jury on the issue whether the fireman was engaged in interstate commerce at the time of death.

*New Orleans & Northeastern R. R.* v. *Harris,* 247 U. S. 367, was a suit for damages under the Federal Employers' Liability Act. It was there sought to apply a Mississippi statute making it *prima facie* proof of negligence that an injury was done by a locomotive engine. It was held that the state statute was inapplicable. See also *New Orleans & N. E. R. R.* v. *Scarlet,* 249 U. S. 528; *Yazoo & Mississippi Valley R. R.* v. *Mullins,* 249 U. S. 531; *Central Vermont Ry.* v. *White,* 238 U. S. 507; *Toledo, St. Louis &*

*Western R. R.* v. *Slavin,* 236 U. S. 454; *Chicago, R. I. & P. Ry.* v. *Wright,* 239 U. S. 548; *Wabash R. R.* v. *Hayes,* 234 U. S. 86.

The exclusive operation of the Federal Employers' Liability Act within the field of rights and duties as between an interstate commerce common carrier and its employees has been illustrated in opinions of this Court applying that Act by quotation of the words of Mr. Justice Story in *Prigg* v. *Pennsylvania,* 16 Pet. 539, 617, used in another association:

"If this be so, then it would seem, upon just principles of construction, that the legislation of Congress, if constitutional, must supersede all state legislation upon the same subject; and by necessary implication prohibit it. For, if Congress have a constitutional power to regulate a particular subject, and they do actually regulate it in a given manner, and in a certain form, it can not be that the state legislatures have a right to interfere, and, as it were, by way of complement to the legislation of Congress, to prescribe additional regulations, and what they may deem auxiliary provisions for the same purpose. In such a case, the legislation of Congress, in what it does prescribe, manifestly indicates, that it does not intend that there shall be any further legislation to act upon the subject-matter. Its silence as to what it does not do is as expressive of what its intention is as the direct provisions made by it. This doctrine was fully recognized by this Court, in the case of *Houston* v. *Moore,* 5 Wheat. 1, 21, 22, where it was expressly held that where Congress have exercised a power over a particular subject given them by the Constitution, it is not competent for state legislation to add to the provisions of Congress upon that subject; for that the will of Congress upon the whole subject is as clearly established by what it has not declared, as by what it has expressed."

We come then to the specific question whether the violation of a statute of a State prohibiting the employment of workmen under a certain age and providing for punishment of such employment should be held to be negligence in a suit brought under the Federal Employers' Liability Act. That the State has power to forbid such employment and to punish the forbidden employment when occurring in intrastate commerce, and also has like power in respect of interstate commerce so long as Congress does not legislate on the subject, goes without saying. But it is a different question whether such a state Act can be made to bear the construction that a violation of it constitutes negligence *per se* or negligence at all under the Federal Employers' Liability Act. The Kentucky Act, as we have set it out above, is a criminal act and imposes a graduated system of penalties. There is nothing to indicate that it was intended to apply to the subject of negligence as between common carriers and their employees. It is true that in Kentucky and in a number of other States it is held that a violation of this or a similar state act is negligence *per se,* and such a construction of the Act by a state court is binding and is to be respected in every case in which the state law is to be enforced. *Louisville H. & St. L. Ry.* v. *Lyons,* 155 Ky. 396; *Terry Dairy Co.* v. *Nalley,* 146 Ark. 448; *Grand Rapids Trust Co.* v. *Petersen Beverage Co.,* 219 Mich. 208; *Elk Cotton Mills* v. *Grant,* 140 Ga. 727. But when the field of the relations between an interstate carrier and its interstate employees is the subject of consideration, it becomes a federal question and is to be decided exclusively as such.

We have not found any case in which this question has been presented to the federal courts, but there are three or four well-reasoned cases in state courts, wherein this exact point is considered and decided.

In the case of *Smithson* v. *Atchison, T. & S. F. Ry.*, 174 Cal. 148, an action was brought under the Federal Employers' Liability Act by an employee against an interstate carrier. The California law provided that no minor under the age of 18 years should be employed between 10 o'clock in the evening and 5 o'clock in the morning, and the trial court charged that if the jury believed from the evidence that the employment or permission to work at night hours contributed to his injuries, the plaintiff was not guilty of contributory negligence. This was held to be error because of the exclusive provisions of the Federal Employers' Liability Act.

In *Petranek* v. *Minneapolis, St. Paul & S. S. M. Ry.*, 240 Mich. 655, where an accident causing an injury to a 16 year old boy working for a railroad as a section hand occurred while the boy and railroad were engaged in interstate commerce, it was held that the plaintiff could not rely on the violation of a state statute forbidding the hiring of boys under 18 in a hazardous employment as evidence of negligence, but that in its exercise of its right to control means by which interstate commerce should be carried on, Congress dealt exclusively with the matter of employers' liability to employees for injuries occurring in that commerce.

In *St. Louis-San Francisco Ry.* v. *Conly*, 154 Ark. 29, plaintiff was a minor 15 years of age working for defendant railroad in interstate commerce and was injured therein. It was held that a state law prohibiting such employment could not supplement or change the rule as to negligence under the Federal Employers' Liability Act. The court said:

" It is therefore wholly beyond the power of the State legislature to make carriers engaged in interstate commerce civilly liable in damages for injuries to their employees while engaged in such commerce for the violation of some police regulation of the State. This power

of Congress under the commerce clause of the Constitution does not in any manner trench upon or dislodge the police power of the states from their own local and internal affairs which are reserved to them under the 10th Amendment to the Constitution."

. See also *St. Louis, Iron Mountain & Southern R. R.* v. *Steel*, 129 Ark. 520.

A similar case was *McLain* v. *Chicago Great Western R. R.*, 140 Minn. 35. In that case an action was brought by the plaintiff under the Federal Employers' Liability Act, and it was held that a city ordinance and police regulation limiting the speed of trains, having all the effect of a statute, could not be admitted as evidence of contributory negligence. The Supreme Court of Minnesota said:

" The Act covers the entire field under which the employer in interstate commerce shall be liable for injury to its employees likewise engaged. It pertains solely to the relation of master and servant. It does not supersede state legislation outside of this field, nor does it deal with the duties and obligations of either to the public; but it does supersede all state and municipal legislation governing the circumstances under which the master while within the provisions of the Act, shall be liable for injury to the servant. It follows that the ordinance in question was superseded by the Act of Congress and was not admissible in evidence."

The citations from these state cases, four of them, seem to show that their effect is confined to the government of the relation between the employer and the employee, between the common carrier and the interstate commerce agent. A different rule might well apply where the issue and the litigation is with reference to the duties of the common carrier in dealing with the public, with passengers or with strangers. The cases cited were decided only after a full examination of the cases on the subject of th Federal Employers' Liability Act in this Court.

The cases chiefly relied on by respondent are cases which were decided before the Federal Employers' Liability Act was passed. A palpable instance of this is the case of Narramore v. Cleveland, C. C. & St. L. Ry., 96 Fed. 298. It was a suit of which the federal court took jurisdiction because of diverse citizenship of the parties, but it involved the application of an Ohio statute requiring railroads to block the frogs, switches, and guard rails on their tracks, on penalty of a fine. State statutes relating to duties of the railroad company as a common-carrier and enacted to secure the safety of the public are obligations on the company in many ways; but they cannot encroach on the field occupied by admissible federal statutes. Therefore the Narramore and other cases cited have no application to the present case because they did not involve the construction or effect of the Federal Employers' Liability Act. Hover & Co. v. Denver & Rio Grande Western R. R., 17 F. (2d) 881; Star Clay Co. v. Budno, 269 Fed. 508; Klicke v. Allegheny Steel Co., 200 Fed. 933; Steel Car Forge Co. v. Chec, 184 Fed. 868.

Frese v. Chicago, B. & Q. Ry., 263 U. S. 1, is relied on by the plaintiff. In that case a state statute made it the duty of a locomotive engineer to stop his train within a certain distance of a crossing of another railroad and positively to ascertain that the way was clear and that the train could safely resume its course before proceeding to pass the crossing. The duty was a personal one which could not be devolved by custom upon the fireman and it was held that the failure of the engineer to comply with the duty was a defense to an action for his resulting death brought by his administratrix under the Federal Employers' Liability Act. This was a crossing of two railroads, a crossing where appropriate precautions must be taken to avoid collision between railroad trains whether state or interstate. It was a situation dependent

for public safety on the enforcement of the state law as against the employees of all railroads, state or interstate. The application of the state statute was not by way of enlargement or contraction of the Federal Employers' Liability Act. See *Salabrin* v. *Ann Arbor R. R.*, 194 Mich. 458; *Pennsylvania R. R.* v. *Stalker,* 67 Ind. App. 329.

We think that the statute of Kentucky limiting the age of employees and punishing its violation has no bearing on the civil liability of a railway to its employees injured in interstate commerce and that application of it in this case was error.

*Reversed.*