13059

MOORE v. SOUTHERN RY. CO.

(161 S. E., 525)

See, also, 158 S. C., 446, 155 S. E., 740, 73 A. L. R., 582.

*Messrs. Harley & Blatt* and *Frank G. Tompkins*, for appellant.

*Messrs. Wolfe & Berry, Brown & Bush* and *R. C. Holman*, for respondent.

January 27, 1931.

The opinion of the Court was delivered by Mr. Acting Associate Justice C. T. Graydon.

This was an action by R. R. Moore as administrator of the estate of Edwin A. Wagnon, deceased, against the Southern Railway Company for the alleged wrongful death of Edwin A. Wagnon. The case was tried at the September term of the Court of Common Pleas for Barnwell County in 1928, before his Honor, Special Judge Charles Carroll Simms, and a jury, and resulted in a verdict in favor of the plaintiff for the sum of $12,000.00.

From the testimony, it appears that Edwin A. Wagnon was a locomotive engineer in the employ of the Southern Railway Company, and on April 9, 1927, operating a train from Branchville, S. C., to Augusta, Ga. This train met

other trains at Branchville, among the same being a train from Columbia commonly known as the Carolina Special. At the time of the injuries which resulted in Wagnon's death, he was attempting to cross the main line of the Southern Railway from Columbia north of the depot at Branchville, going in the direction of his engine which was parked on another track beyond the main line. It was admitted and stipulated by all parties concerned that the case was brought and tried under the provisions of the Federal Employers' Liability Act (45 U. S. C. A., §§ 51–59).

There are eight exceptions.

Exception 1 alleges error on the part of the Circuit Judge in refusing to continue the case on the ground that there was then pending an appeal to the Supreme Court of South Carolina involving the validity of the plaintiff's appointment as administrator of the estate of Edwin A. Wagnon. The matter of continuing a case is largely within the discretion of the trial Judge, and there could be no prejudice to the defendant by the trial of the case with the other appeal pending. No supersedeas had been granted, and not only was it within the discretion of the trial Judge to try the case, but it was his duty to try it. This exception is therefore overruled.

Exception 2 alleges error on the part of the trial Judge in admitting in evidence the ordinance of the Town of Branchville making it unlawful to operate a train within the corporate limits of said town at the rate of speed in excess of six miles an hour.

Under the decisions of the United States Supreme Court, no presumption of negligence arises in a case tried under the Federal Employers' Liability Act from the violation of a State statute. The case of *Chesapeake & Ohio Railroad Co. v. Stapleton,* 279 U. S., 587, 49 S. Ct., 442, 73 L. Ed., 861, holds this view. In the *Stapleton case,* a boy under the age of sixteen had been hired by the railroad company as a section water boy to assist his father, the section master. The

Kentucky Statute (Section 331a-9) provides: "No child under the age of sixteen [16] years shall be employed, permitted or suffered  *  *  *  (6) nor to work upon any railroad whether steam, electric or hydraulic.  *  *  *"

Under the decisions of the Courts of Kentucky, the violation of a State statute, whether criminal or civil, constitutes negligence *per se*. The plaintiff prayed for an instruction fixing the liability of the railroad company, provided the jury found from the evidence that the plaintiff was under sixteen years old, and was injured in the course of his employment as a child under sixteen years old. The Court granted such instruction, and the United States Supreme Court held this to be error on the theory that no presumption of negligence would arise from the violation of a State statute in a case tried under the Federal Employers' Liability Act.

If the Circuit Judge in this case had charged that the violation of a State statute or the town ordinance in question was negligence *per se,* this would have been clearly against the principle laid down by the United States Supreme Court in the *Stapleton case*. The Judge did not attempt to place such construction upon the town ordinance. The introduction of the ordinance was permissible in the cause as a circumstance tending to establish a negligent operation of the train; the force and effect to be given to this evidence was entirely with the jury.

Exception 3 alleges error on the part of the Circuit Judge in allowing the witness, Patrick, to give his opinion as to the result if the train had not been moving at a rate of speed in excess of six (6) miles per hour. Patrick was present and saw the entire situation and the admission of this testimony was largely within the discretion of the trial Judge. Patrick was not testifying as an expert, but merely as a layman from his observation of the surrounding circumstances at the time of the accident. This testimony was therefore competent.

Exception 4 alleges error on the part of the Circuit Judge in refusing to grant a nonsuit. There was ample evidence to go to the jury on the question of negligence upon which to base a verdict. That the train was being operated at an excessive rate of speed; that there were other trains known to be at Branchville at the time; that Branchville is a junction point where people change from one train to another; that the deceased always placed his train at a certain spot across the main line from the depot; that the deceased had to go to the dispatcher's office and then come back to his engine to cut in certain sleeping cars to return to Augusta; that the engineer on the Carolina Special knew all of these facts; that such engineer saw the deceased cross the track ahead of him in ample time to slow down; that the Carolina Special was late and was being driven at such a high rate of speed that it passed the depot and had to back up; that the engineer on the Carolina Special knew of Wagnon's habits, having fired for him on this same run; that the engineer on the Carolina Special was not the regular engineer, but an extra man on this particular run.

A consideration of the facts in the case discloses that the jury had ample testimony to base a verdict upon, and this Court has no right to disturb that verdict if such testimony was adduced. It is the duty of this Court, as well as it was the duty of the presiding Judge, to give to the testimony its most favorable interpretation in favor of the plaintiff's contention, and, applying this rule of law, the case should have been submitted to the jury.

Exception 5 alleges error on the part of the Circuit Judge in refusing to direct a verdict. This exception is subdivided into four distinct heads. Subdivision A thereof refers to the capacity of the administrator to bring and maintain the action. This matter has already been disposed of by the Court in the case of *Southern Railway Co. v. Moore, Administrator,* heretofore filed, 158 S. C., 446, 155 S. E., 740, 73 A. L. R., 582.

Subdivisions B, C, D, and E, all refer to the actionable negligence proven in the case, and to the plaintiff's alleged negligence solely causing the injury and damage resulting therefrom, and also that the plaintiff assumed the risk.

These matters have all been disposed of in the discussion of Exception 4.

Exception 6 alleges error on the part of the Circuit Judge in charging the jury as follows: "Now, the assumption of risk spoken of by counsel is a principle of law, but the assumption of risk by an employee is only such risk as is incident to the employment that he is engaged in. He could not be held to assume the risk of another employee, or any other cause which was not directly a part and occurring from his employment. It is for you to determine how this accident occurred. Did it occur in the course of the engineer's employment, or did it occur entirely outside of his employment? Was it incident to what his duties required him to perform, or was it one of those casual conditions outside of that which he would be responsible for, or whether it was as I say an outside proposition."

It is true that the employee assumes all of the ordinary risks of his employment and all extraordinary risks when obvious or fully known and appreciated by him. Considering, however, the entire charge of the Judge, we think that the correct principle was announced to the jury, and the same was free from error. This exception is therefore overruled.

Exception 7 alleges error on the part of the presiding Judge in modifying the third request of the defendant by the statement that such request was charged with the modification already stated in the general charge. The request was as follows:

"3. If you find from the testimony in this case that there was negligence on the part of the defendant, and further find that the resultant danger of such negligence was so apparent and obvious that an ordinarily careful person placed in the

circumstances of the plaintiff's intestate, Edwin A. Wagnon, would have observed and appreciated the same and not encountered it, then I charge you that the plaintiff's intestate assumed the risk of the danger and the plaintiff is not entitled to recover."

"The Court: I charge you that with the modification I have already stated in my general charge."·

We think as a matter of law the request was subject to the general charge already given, and that the statement of the Circuit Judge was, in that far, superfluous. The only modification that seems to be pertinent to the request is that part of the Judge's charge in which he stated that the plaintiff's intestate could not be held to assume the risk of another employee or any other cause which was not directly a part of and occurring from his employment. The doctrine of assumption of risk only applies to the risks which are incident to the employment and connected directly therewith. It is therefore obvious that request 3 should have been modified to the extent stated in the general charge of the presiding Judge, and such request, so modified, constituted a correct statement of the law.

Exception 8 complains that there was error in charging the nineteenth and twentieth requests of the plaintiff, the same being as follows:

"19. The law requires the master to furnish a reasonably safe and suitable place wherein and whereon to work; and if he fails in this duty he is guilty of negligence.

"20. The law requires the master to furnish reasonably safe and suitable appliances with which to perform the work to be undertaken; and if the master fails in this duty he is guilty of negligence."

The appellant complains that the presiding Judge committed error in not instructing the jury that it was only the duty of the defendant to use a reasonable care in furnishing the plaintiff a reasonably safe place to perform his work, and also reasonably safe and suitable appli-

ances with which to perform such work. The words "reasonably safe" mean that the person who is attempting to make the same safe must use reasonable care and diligence in so doing, and the mere use of the word reasonable is sufficient to carry to the mind of the ordinary juror that the person required to furnish the place and appliances were only required to use the care of a reasonable man. The word "reason" is not applied to any save human beings, and the use of it must of necessity carry to the mind of any civilized person that it refers to the exercise of that dominant trait of mind which distinguishes reasonable man from unreasonable beast. If the contention of the appellant is correct, then the definition could be strung out *ad infinitum*. The Judge would be required to say that a person must use reasonable care in furnishing a reasonably safe place to work. The next step would be that reasonable care meant the care that a person of ordinary reason and prudence would use to make the place reasonably safe, and so the definition could be made confusing by the continuous reiteration of the word reasonable. The rule of this Court is that, if a party to a suit desires any part of the charge more fully explained, it is the duty of that party to call the same to the attention of the Circuit Judge. Exception 8 is therefore overruled.

The exceptions are therefore overruled, and the judgment of the Circuit Court affirmed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.

MR. JUSTICE COTHRAN dissents.

MR. JUSTICE COTHRAN (dissenting) : I think that Exceptions 4, 5, 6, 7, and 8 should be sustained.