[S. F. No. 21052. In Bank. Oct. 23, 1962.]

DAVID HENRY DAVEE, Plaintiff and Appellant, v. SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

McCarthy & Crow, Cornish & Cornish, Francis T. Cornish, Dodge, Evans, Reyes, Brorby & Driscoll, Patrick J. McCarthy and Robert P. Brorby for Plaintiff and Appellant.

G. Blandin Colburn, Jr., and Dunne, Dunne & Phelps for Defendant and Respondent.

WHITE, J.—This is an appeal by plaintiff David Henry Davee from a judgment for his employer, defendant Southern Pacific Company, in an action prosecuted under the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.) for injuries sustained by Davee in the course of his employment.

Plaintiff is an experienced bridge carpenter. He sustained injuries on January 7, 1958, when he fell approximately 5 feet from a pier on which he had been standing while doing repair work on a railroad trestle located near Biggs, California.

It was alleged in the complaint that defendant failed to provide plaintiff with ''a reasonably safe place in which to perform his duties''; specifically, that ''defendant carelessly and negligently failed to provide any staging or scaffold for plaintiff to stand upon while performing said work and defendant further carelessly and negligently maintained said surface on which plaintiff was standing in that there was mud, rock and gravel on said surface,'' proximately causing plaintiff's injuries.

Plaintiff contends that prejudicial error resulted when the trial court refused to allow a construction safety order of the Division of Industrial Safety of the State of California, dealing with scaffolds, to be admitted into evidence. The court also refused to instruct the jury concerning the scaffold safety order, and this was assigned as further error.

The record reveals that the following proceedings occurred at the bench, outside the hearing of the jury. Plaintiff's attorney stated: ''I desire to make an offer of proof to offer into evidence . . . the Section of the California Administrative Code in regard to scaffolds; . . . may I read the section into the record?'' The court inquired, ''Did you prepare instructions on it?'' Plaintiff's counsel responded affirmatively to the latter question. After reading the safety order to the court, counsel for plaintiff again stated: ''Then I would like to offer first that into evidence. . . .'' The court concluded: ''[Y]our offer has been made and let the record show that the Court rejects the offer of proof.''

The construction safety order of the Division of Industrial Safety which plaintiff attempted to introduce into evidence was a part of the article entitled, ''General Requirements for Scaffolds.'' The particular portion sought to be introduced

in aid of plaintiff's case read: "Scaffolds shall be provided for all work that can not be done safely by workmen standing on permanent or solid construction, except where such work can be safely done from ladders." (8 Cal. Admin. Code, § 1640, subd. (a).)

The instruction requested by plaintiff and refused by the court began: "You are instructed that § 1640 of the Division of Industrial Safety, Construction Safety Orders, provides as follows: . . ." The requested instruction then recited the text of the above set forth administrative regulation, and concluded: "The foregoing requirement was an obligation placed upon plaintiff's employer, SOUTHERN PACIFIC COMPANY."

At the outset appellant concedes "that the decisions of the United States Supreme Court interpret the Federal Employers' Liability Act [hereinafter referred to as F.E.L.A.] as setting a uniform rule for the determination of the liability of an employer engaged in inter-state commerce to his employee, and that the effect of the act is to divest the States of jurisdiction to legislate with respect to that liability." (See *Garrett* v. *Moore-McCormack Co.,* 317 U.S. 239, 244 [63 S.Ct. 246, 87 L.Ed. 239].) But it is argued that state regulations are properly applied in certain situations which arise under the F.E.L.A., including the instant situation.

It is apparent, however, that appellant's proffered instruction might well have given the jury the impression that the state regulation was controlling on the issue of defendant railroad's negligence, so that appellant counsel's apparent concession at oral argument that the instruction as proposed was properly refused was entirely correct. Clearly, the instruction was contrary to the often enunciated general principle that federal law governs on the question of what constitutes negligence in an F.E.L.A. action and that state enactments may not be applied in a manner so as to significantly vary or determine the result of the litigation. (See *Urie* v. *Thompson,* 337 U.S. 163, 174 [69 S.Ct. 1018, 93 L.Ed. 1282, 11 A.L.R.2d 252]; *Chicago M. & St. P. Ry. Co.* v. *Coogan,* 271 U.S. 472, 474 [46 S.Ct. 564, 70 L.Ed. 1041].)

We are persuaded that the holding in *Robins Dry Dock etc. Co.* v. *Dahl,* 266 U.S. 449 [45 S.Ct. 157, 69 L.Ed. 372], is controlling in the case at bar. In the case just cited the action was prosecuted on the basis of federal maritime law in a court of the State of New York. The trial judge extensively instructed the jury on the provisions of the therein relied-upon state scaffold statute requiring employers to furnish

their employees with safe scaffolding. The United States Supreme Court reversed a judgment for plaintiff employee on the ground that the trial court was guilty of material error in allowing the jury to consider the provisions of the local law in determining whether or not the employer was negligent, saying at page 457: ''The rights and liabilities of the parties arose out of and depended upon the general maritime law and could not be enlarged or impaired by the state statute. . . . The jury were distinctly told that they might consider the provisions of the local law in deciding whether or not the employer was negligent. No such instruction would have been permissible in an admiralty court, and it was no less objectionable when given by the state court.'' (See also *Chicago M. & St. P. Ry. Co.* v. *Coogan, supra,* 271 U.S. 472, 474.)

Although the *Robins* case involved rights and liabilities arising under maritime law, there is no doubt that the substantive law of the states is equally inapplicable in litigation based upon the F.E.L.A.[1] (See *Garrett* v. *Moore-McCormack Co., supra,* 317 U.S. 239, 244.)

It is true as contended by appellant that there are cases which would seem to hold that the reference to state regulations merely as an aid to the ascertainment of due care on the part of defendant employer is proper; such evidence apparently being regarded and viewed as an expression of an informed and experienced state body as to what constitutes safe precautions or conduct in given potentially hazardous employment situations. (See *Pennsylvania R. Co.* v. *Johnson,* 91 Ind. App. 412 [169 N.E. 358, 361-362]; *Luton Mining Co.* v. *Louisville & N. R. Co.,* 276 Ky. 321, 333-334 [123 S.W.2d 1055] [both F.E.L.A actions].) But appellant has not brought himself within the alleged exceptions of these cases. (See Note 79 A.L.R. 2d 553, 559.) Nor do we deem the case at bar to be within the apparent exceptions to the principle of uniformity of F.E.L.A. negligence law created by *Atlantic Coast Line R.R. Co.* v. *Powc,* 283 U.S. 401, 402-403 [51 S.Ct. 498, 75 L.Ed. 1142], and *Frese* v. *Chicago, B. & Q. R.R. Co.,* 263 U.S. 1, 2-3 [44 S.Ct. 1, 68 L.Ed. 131], especially in view of the subsequent pronouncements by the United States Supreme Court enunciating the guiding rule of federal uni-

---

[1]The Division of Industrial Safety was authorized by section 6500 of the Labor Code to enact the instant safety order, and such an administrative regulation is the equivalent for present purposes of ''a statute of the State.'' (See *Hamilton* v. *Regents,* 293 U.S. 245, 258 [55 S.Ct. 197, 79 L.Ed. 343].)

formity (See *Rogers* v. *Missouri Pacific R.R. Co.*, 352 U.S. 500, 507, fn. 13 [77 S.Ct. 443, 1 L.Ed.2d 493]; *Urie* v. *Thompson, supra,* 337 U.S. 163, 174.)

In the case now engaging our attention it cannot reasonably be urged that appellant offered the safety order into evidence for a purpose other than affecting if not altering the substantive rights of the parties under federal law. (See Note 96 L.Ed. 408, 409-411.) Indeed, such an assumption finds support in the concluding statement in appellant's proffered instruction which read: "The foregoing requirement (the construction safety order of the Division of Industrial Safety of the State of California, dealing with scaffolds) was an obligation placed upon plaintiff's employer. . . ." It therefore necessarily follows that the state regulation poses the very issue upon which the jury was required to pass, and therefore its use as evidence would have been in violation of the oft-repeated and established rule that, "By the Federal Employers' Liability Act, Congress took possession of the field of employers' liability to employees in interstate transportation by rail; and all state laws upon that subject were superseded. [Citations.] The rights and obligations of the petitioner depend upon that Act and applicable principles of common law as interpreted by the federal courts. The employer is liable for injury or death resulting in whole or in part from the negligence specified in the Act; and proof of such negligence is essential to recovery. The kind or amount of evidence required to establish it is not subject to the control of the several States." (*Chicago M. & St. P. Ry. Co.* v. *Coogan, supra,* 271 U.S. 472, 474; accord: *Urie* v. *Thompson, supra,* 337 U.S. 163, 174.)

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.