HORTON, Judge.
Appellant railroad, defendant below in a ■personal injury action brought under the Federal Employers’ Liability Act, seeks ■review of an adverse final judgment entered pursuant to a jury verdict. We reverse.
The appellee was employed by the appellant as a passenger train chair car attend■ant. On January 31, 1961, he was injured when the train on which he was working was hit by a truck and derailed at a railroad crossing in Volusia County, Florida. The crossing was protected by automatic gates, warning lights and bells. In addition, warning signs were placed at intervals ■along the high-way starting as far back as 1,600 feet from the crossing. In October, 1960, by an act of annexation, the City of ■Ormond Beach had taken the land surrounding the crossing into its municipal limits. A 1946 city ordinance prohibited railroad trains from exceeding a speed of .35 miles per hour within municipal limits. At the time of the collision, the appellant’s train was traveling at a speed of between 75 and 78 miles per hour. Ultimately the appellee brought the within action which culminated in the final judgment appealed.
Appellant contends the trial court erred in admitting into evidence the municipal ■ordinance of the City of Ormond Beach regulating the speed of trains and in charging the jury that the violation of such an ■ordinance constitutes prima facie evidence of negligence. We find this contention has merit.
That violation of a municipal speed ■ordinance is, in the ordinary negligence action, under Florida law, prima facie ■evidence of negligence, is not open to question. See Clark v. Sumner, Fla.1954, 72 So.2d 375; Allen v. Hooper, 126 Fla. 458, 171 So. 513. This, however, was not an ordinary negligence action. It was brought under the Federal Employers’ Liability Act.
The Federal Employers’ Liability Act exclusively covers the entire field under which an employer in interstate commerce shall be liable for injury to its employee likewise engaged. The substantive rights and obligations of one bringing an action under the act depend upon the act cmd applicable principles of common law as interpreted and applied by the federal courts. Chesapeake & Ohio R. Co. v. Stapleton, 279 U.S. 587, 49 S.Ct. 442, 73 L.Ed. 861; Chicago, M. & St. P. R. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041; New Orleans & N. E. R. Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167. No state statute, law or other enactment can enlarge or contract the operation of the act and the rights and obligations arising thereunder. Chesapeake & Ohio R. Co. v. Stapleton, supra. See also Davee v. Southern Pacific R. Co., 58 Cal .2d 572, 25 Cal.Rptr. 445 (1962), 375 P.2d 293.
 Liability under the Federal Employers’ Liability Act is dependent upon the ■existence of negligence on the part of the employer. See Chesapeake & Ohio R. Co. v. Stapleton, supra; New Orleans & N. E. R. Co. v. Harris, supra; and numerous cases cited therein. The federal courts have long held that the burden of proving negligence in an FELA case rests on the employee and that the question of burden of proof in such cases is a matter of substance, and not subject to control by the laws of the several states. See New Orleans & N. E. R. Co. v. Harris, supra; Central Vermont R. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433; and numerous cases cited therein.
Applying these principles to the case sub pidice, we conclude that it was error to admit the municipal ordinance into evidence and give the charge in question. *348 This conclusion is supported by the decision of the Supreme Court of Florida in Louisville & N. R. Co. v. Rhoda, 73 Fla. 12, 74 So. 19, an FELA action for injuries suffered by a railroad employee which resulted in his death. In the Rhoda case the appellant challenged, inter alia, the propriety of jury instructions relative to the Florida railroad presumption of negligence statute, now § 768.05, Fla.Stat., F.S.A. The statute provided that where damages or injuries were shown to have been caused by the running of an engine by a railroad company, the company should be held liable unless it could show that its agents exercised all ordinary and reasonable care the presumption in all cases being against the company. The court held that the questioned charges constituted prejudicial error, and in so holding, said:
“The federal Employers’ Liability Act is the supreme and paramount law of the land with respect to the liability of interstate carriers by rail for injuries to or the death of employes while engaged in interstate commerce.
* * * * * *
“Both the federal acts and the state statutes * * * define the liability of a railroad company in the cases of negligence covered by the enactments; and in so far as the state law in effect creates a liability by virtue of a presumption of negligence from ‘damage done,’ ‘unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company,’ the local statute conflicts with the federal act in matters of substance affecting liability. The federal act contains no provision creating a rebuttable presumption of negligence that substantially affects the liability of defendant in this class of cases.”
While conceding that the Rhoda case is not exactly in point, we feel that the conclusions we have reached in the case at bar are in harmony with and supported by the decision in that case.
Having examined the appellant’s remaining contentions and found them to be without merit, it follows that the judgment appealed is reversed, and the cause is remanded for a new trial not inconsistent with the opinions herein expressed.
Reversed and remanded.