BARKDULL, Chief Judge.
The appellant, defendant in the trial court, appeals from an adverse final judgment rendered upon a jury verdict in an F.E.L.A. case. The principal point relied on, as constituting error, was the permitting into evidence of a rule promulgated by the Railroad and Public Utilities Commission,[1] and the giving of a charge on said rule, as follows:
“You are instructed that if you find from the evidence in this- case that a safety rule or regulation of the Florida Railroad & Public Utilities Commission has been violated, it is prima facie evidence of negligence. I charge you that the mere fact that the defendant may have violated the said rule does not in itself establish negligence unless such violation contributed in whole or in part to the injury, if any.”
4= 4= * * * *
*706 It is also contended that the trial court erred in failing to permit into evidence the Smith-Griffin Railroad Employees’ Work Life Expectancy Tables.
 We find no error in the admission into evidence of the safety rule promulgated by the Florida Railroad & Public Utilities Commission-. It is apparent from the wording of the rule that same was material to the alleged injury, to wit: the plaintiff-appellee alighting from a moving train, in the performance of his duties, into a right-of-way which was in a hazardous condition through lack of maintenance. We find, however, that the giving of the charge which instructed that violation of this rule constituted prima facie evidence of negligence on the part of the railroad was in error. See: Florida East Coast Railway Company v. Pollack, Fla.App.1963, 154 So.2d 346; Chesapeake & O. R. Co. v. Stapleton, 279 U.S. 587, 49 S.Ct. 442, 73 L.Ed. 861; Davee v. Southern Pacific Company, 58 Cal.2d 572, 25 Cal.Rptr. 445, 375 P.2d 293.
In view of the fact that this cause will be returned to the trial court for the purposes of a new trial, we have inquired into the propriety of the failure of the trial judge to permit into evidence the Smith-Griffin Railroad Employees’ Work Life Expectancy Tables, and hold that they should have been permitted into evidence, in accordance with the following authorities, when the nature of the injury complained of was of a permanent condition: Dixon v. United States, S.D. New York 1954, 120 F.Supp. 747; McCray v. Illinois Central R. R. Co., 12 Ill.App.2d 425, 139 N.E.2d 817.
Therefore, for the reasons- above stated, the final judgment here under review is hereby reversed, and the cause is remanded to the trial court for the purposes of a new trial.
Reversed and remanded with directions.

. Rule 3.605 — Other Obstructions and Conditions Adjacent to Tracks.
(1) The space between such tracks as are ordinarily used by train and yardmen and other employees in the discharge of their duties, and the space beside such tracks within eight (8) feet of the center line thereof, shall be kept clear of grass, weeds, mud, slime, debris, and similar obstacles.