[Civ. No. 23100.   First Dist., Div. Three.   Sept. 28, 1966.]

ANN J. MORTENSEN, as Executrix, etc., Plaintiff and Appellant, v. SOUTHERN PACIFIC COMPANY, Defendant and Respondent.

Bruce F. Allen for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

DRAPER, P. J.—Did defendant's failure to equip its motor vehicles with seat belts, under the evidence, present jury questions as to negligence and proximate cause under the Federal Employer's Liability Act (45 U.S.C.A. § 51)? That is the issue here. At the close of plaintiff's case, defendant's motion for nonsuit was granted and the jury was discharged. Plaintiff appeals.

Plaintiff's testate was employed by defendant. One of his duties was to drive engineers on trips for the inspection of bridges along defendant's rail lines. On October 17, 1962, he drove two bridge engineers on such a trip, in a ¾-ton pickup truck owned by defendant. Late in the afternoon, he drove the car in the outside lane of a four-lane freeway, at 45-50 miles

per hour, to make an exit turn at Pismo Beach. They were struck from the rear by a car whose driver was intoxicated and who later pleaded guilty to a charge of manslaughter. The pickup was thrown off the road and down a slope, rolled over several times, and came to rest on its top. Decedent driver was thrown from the car and sustained numerous injuries. His death, about an hour later, was attributed to severe brain damage, although there was no skull fracture. The employee riding on the right side was also thrown from the car, and sustained injuries which were severe although not fatal. The engineer riding in the center of the seat was not thrown from the car, and sustained much lesser injuries.

There was testimony that the many fractures suffered by decedent resulted either from the impact of his body on the ground as he was thrown from the pickup, or from the vehicle's having rolled over him after he was ejected.

A physicist with long experience in investigation of automobile collisions and two highway patrolmen of long experience testified that seat belts are effective in reducing fatalities and minimizing injuries in automobile accidents. The physicist also testified that one protected by a seat belt has five times the chance of survival of one not so protected. From photographs of the pickup after the accident, he said that its cab was not sufficiently crushed to have caused decedent's injuries and death had he not been thrown out. The same conclusion could be inferred by comparing the injuries of the two on the outside with the moderate injuries to the middle occupant who remained in the car. There was also evidence that: defendant owned and operated a fleet of some 2,000 highway motor vehicles; many fleet operators had, before October 17, 1962, installed seat belts in all their vehicles; defendant's own safety department had, over a period of some six years, called these facts to the attention of management, and had recommended installation and compulsory use of seat belts; seat belts for the fleet would cost some $3-$4 per vehicle; in 1963, defendant installed seat belts in all its motor vehicles of one ton or less.

Does this evidence, and the inferences which might reasonably be drawn from it, present a jury question on the issue of negligence?

Defendant railroad concedes that its deceased employee was covered by the Federal Employers' Liability Act, and that the pickup was a "place to work" within the decisions under that act.

In this F.E.L.A. action, federal decisional law governs in determining whether the evidence requires submission to the jury (*Rogers* v. *Missouri Pac. R.R. Co.*, 352 U.S. 500 [77 S.Ct. 443, 1 L.Ed.2d 493]), and whether negligence and proximate cause are shown (*Urie* v. *Thompson*, 337 U.S. 163 [69 S.Ct. 1018, 93 L.Ed. 1282, 11 A.L.R.2d 252]).

Whenever facts are in dispute or the evidence is such that "fair-minded men might draw different inferences," a jury question is presented. "Only when there is a complete absence of probative facts to support the conclusion reached [by the jury] does a reversible error appear." (*Lavender* v. *Kurn*, 327 U.S. 645, 653 [66 S.Ct. 740, 90 L.Ed. 916].) If that test is met, judges "are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities." (*Rogers* v. *Missouri Pac. R.R. Co.*, *supra*, 352 U.S. 500, 507.)

A railroad is liable to its employees for injury or death "resulting in whole or in part . . . by reason of any defect or insufficiency, due to negligence, in its . . . appliances . . . or other equipment" (45 U.S.C.A. § 51).

The test of negligence in supplying the employee a safe place to work is "whether reasonable men, examining the circumstances and the likelihood of injury, would have taken those steps necessary to remove the danger" (*Atlantic Coast Line R.R. Co.* v. *Craven* (4th Cir. 1950), 185 F.2d 176, 179, cert. den. 340 U.S. 952 [71 S.Ct. 571, 95 L.Ed. 686]).

Under these authorities, and on the summarized evidence, we conclude that it was for the jury to decide whether defendant's failure to provide seat belts amounted to negligence (see *Basham* v. *Pennsylvania R.R. Co.*, 372 U.S. 699 [83 S.Ct. 965, 10 L.Ed.2d 80]).

That the California statute requiring seat belts in new automobiles (Veh. Code, § 27309) did not become effective until January 1, 1964, obviously is not conclusive of this federal question (*Davee* v. *Southern Pac. Co.*, 58 Cal.2d 572, 574 [25 Cal.Rptr. 445, 375 P.2d 293]). (We note, however, that at the date of this 1962 accident a California statute [Veh. Code, § 27303] did require anchors for seat belts in new cars). Nor is defendant aided by evidence that bus and taxicab companies had not installed seat belts. F.E.L.A. liability attaches if defendant knew, or in the exercise of due care should have known, "that prevalent standards of conduct were inadequate to protect" its employees (*Urie* v. *Thompson*, *supra*, 337 U.S. 163, 178).

Defendant, however, argues that evidence of proximate causation was wholly lacking. The contention is that the sole proximate cause of death was the criminal negligence of the drunken driver who ran down the pickup, forcing it off the freeway. ▓▓ But the statute expressly renders the railroad liable if the death was caused ''in part'' by its negligence (45 U.S.C.A. § 51). The test is ''simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest,'' in producing the death (*Rogers* v. *Missouri Pac. R.R. Co., supra,* 352 U.S. 500, 506). ▓▓ Testimony as to the number of automobile collisions in the area in question (and common knowledge of the frequency of such collisions on California highways) affords a basis for finding that a collision forcing a car off the roadway is reasonably foreseeable.

Granted such foreseeability, the nature of the other driver's act negates neither negligence nor proximate cause. The intentional tort of a fellow employee may be negligence under the act, and does not break the chain of causation (*Jamison* v. *Encarnacion,* 281 U.S. 635, 641 [50 S.Ct. 440, 74 L.Ed. 1082]; *Slaughter* v. *Atlantic Coast Line R.R. Co.,* 302 F.2d 912, cert. denied 371 U.S. 827 [83 S.Ct. 48, 9 L.Ed.2d 65]). Even the intentionally criminal act of a third party does not relieve defendant of providing reasonable protection against it (*Lillie* v. *Thompson,* 332 U.S. 459 [68 S.Ct. 140, 92 L.Ed. 73]). The decision relied upon by defendant (*Inman* v. *Baltimore & Ohio R.R. Co.,* 361 U.S. 138 [80 S.Ct. 242, 4 L.Ed.2d. 198]) is readily distinguishable. In that case, there was no evidence of likelihood or foreseeability of accident. Moreover, as pointed out in the concurring opinion of Justice Whittaker, there was no reasonable means of preventing the injury. Here, we deal with the general likelihood of automobile collisions upon the highway, not with the peculiar causation of the particular collision which gives relevance to the need for seat belt protection (see *Richardson* v. *Ham,* 44 Cal.2d 772 [285 P.2d 269]).

Far less evidence than is shown by this record has been held to support a jury determination of proximate cause under the F.E.L.A. (*Gallick* v. *Baltimore & Ohio R.R. Co.,* 372 U.S. 108 [83 S.Ct. 659, 9 L.Ed.2d 618]) and the like standards of the Jones Act (*Ferguson* v. *Moore-McCormack Lines, Inc.,* 352 U.S. 521 [77 S.Ct. 457, 1 L.Ed.2d 511]).

Judgment reversed.

Salsman, J., and Devine, J., concurred.