Henderson **MILOM**, Plaintiff-Appellee,

v.

**NEW YORK CENTRAL RAILROAD COMPANY**, a corporation, Defendant-Appellant.

No. 11996.

United States Court of Appeals
Seventh Circuit.

Sept. 27, 1957.

Martin J. Keating, Chicago, Ill., Marvin A. Jersild, Chicago, Ill., on the brief, for defendant-appellant.

Leo K. Wykell, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This action, arising under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq., was brought by plaintiff, a dining car waiter in the employ of defendant, to recover for alleged injuries sustained during the course of his employment. The jury returned a verdict for $7,500 in plaintiff's favor upon which the court entered judgment and this appeal followed. Defendant seeks a reversal. The errors relied on arise out of the action of the district court in overruling defendant's motions for a directed verdict and for judgment notwithstanding the verdict.

■ 1. Defendant's motion for a directed verdict at the close of plaintiff's evidence.

In considering the district court's failure to sustain this motion, we are required to review the evidence then before the court. That evidence, construed in a light most favorable to plaintiff, tended to prove the following facts:

On November 16, 1954, plaintiff, as a dining car pantryman on one of defendant's dining cars, in the performance of his duties, dragged a 50 lb. cake of ice from the back platform of the car into the pantry with one of the sets of ice tongs provided by defendant. After dragging the ice into the pantry he picked it up with the tongs. When he had lifted the ice about three feet toward a ledge, the ice slipped in the tongs. Plaintiff held onto the tongs with his left hand and the tongs regripped in the ice before it hit the floor, thereby jerking or snapping his wrist. After this occurrence plaintiff succeeded in lifting the ice.

For some four and one-half months thereafter plaintiff continued to work for defendant in his usual occupation. On April 4, 1955, an operation was performed on plaintiff's hand. He remained in the hospital for three days. As a result plaintiff did not work until August 1, 1955.

Plaintiff had handled ice for defendant for a period of thirteen years prior to the accident. He had looked at the ice tongs prior to the accident but did not inspect them. He did not make a complaint to anyone associated with defendant, on, before, or after the day of the accident concerning the condition of the ice tongs. No witness testified that the

ice tongs were dull, or otherwise defective. In examining plaintiff, his counsel did not ask him whether the tongs were sharp or dull.

Plaintiff offered in evidence a set of ice tongs after it was testified that they conformed exactly in physical shape and outline to the tongs used by plaintiff at the time of the accident. It was agreed that this exhibit was not the set used by plaintiff on the occasion in question. Plaintiff's attorney stated that "they were merely shown to show the outline and configuration"; whereupon defendant withdrew an objection to their admission and they were received in evidence.

The need for some proof as to the sharpness of the blades on the tongs which plaintiff used was tacitly recognized by his counsel who made an abortive attempt to introduce such evidence. Plaintiff's witness, Edward Clements, who was present when the accident occurred, was asked by plaintiff's counsel—in referring to the tongs in evidence and the tongs used by plaintiff when he was injured—"was the degree of the sharpness of the blades about the same?" The court sustained defendant's objection to the question and it was not answered. No question is raised before us, or could successfully be raised, as to the correctness of this ruling, in view of the requirements of the law of evidence.

The only charge of negligence in plaintiff's amended complaint, upon which he relies in this appeal, is that "defendant negligently, carelessly and improperly caused or permitted the following acts of negligence: (a) maintained and provided the plaintiff with defective ice tongs; * * *."

Defendant's motion raised the question of whether plaintiff, in presenting his case, had introduced any evidence to support this charge.

There was no evidence that the tongs which plaintiff used were sharp or dull. Plaintiff testified that he looked at the tongs prior to using them on the date of the accident, and that neither then nor after the accident did he inspect them. Plaintiff further testified that at no time did he make a complaint to anyone associated with the railroad concerning the condition of the ice tongs. There was no other reference in the evidence to the condition of the tongs.

The conclusion is inescapable that there was no evidence of even the slightest probative force that the tongs were defective, as charged by plaintiff. This absence of proof is fatal to plaintiff's case. There must be evidence of negligence on the part of defendant before the case may properly be submitted to the jury. In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, the court said:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. * * * Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. * * * The statute expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or in part' [to its] negligence."

And 352 U.S. at page 508, 77 S.Ct. at page 449, the court said:

" * * * for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. * * *"

These statements recognize that, to support an employee's action for damages, there must be proof of employer negligence and proof that it played some part. even the slightest, in producing the injury for which damages are sought..

In the case at bar we find no proof of employer's alleged negligence and hence there cannot arise any question of whether the negligence charged played any part in producing plaintiff's injuries.

In Chesapeake & O. Ry. Co. v. Stapleton, 279 U.S. 587, 589, 49 S.Ct. 442, 443, 73 L.Ed. 861, the court said:

"The language of the Federal Employers' Liability Act shows unmistakably that the basis of recovery is negligence and that without such negligence no right of action is given under this act."

In the absence of proof of employer's negligence we cannot speculate as to the cause of injury to plaintiff. The burden of proof as to plaintiff's charge of negligence on the part of defendant rested upon plaintiff. This burden he failed to sustain.

■ The mere occurrence of an injury to plaintiff while employed by a railroad does not make the employer liable. The Act imposes liability only for negligent injuries. Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497. The United States Supreme Court has disclaimed any intention to make "for all practical purposes, a railroad an insurer of its employees." Ibid., 336 U.S. 62, 69 S.Ct. 417.

■ Seeking to justify the district court's failure to sustain defendant's motion for a directed verdict at the close of plaintiff's evidence, plaintiff's counsel now argues that defendant had not produced the tongs used by plaintiff and did not explain their absence, and, therefore, an inference may be drawn that "the tongs in the putative possession of the defendant would have displayed a degree of dullness equal to or exceeding" the tongs in evidence. He overlooks the fact that, at that stage of the trial, no occasion had arisen for defendant to produce any evidence and that therefore at that time no inference whatsoever could be drawn from defendant's failure to produce any evidence to meet plaintiff's claim. The burden of proof of defendant's alleged negligence was upon plaintiff and the motion for a directed verdict at the close of plaintiff's evidence should have been decided in view of the evidence then in the record. The court's failure to sustain that motion cannot be aided by any inference based upon defendant's failure to produce the tongs used by plaintiff at the time of the accident, even if it had appeared that they were in the possession of defendant and were capable of identification by it.

Moreover, plaintiff made no effort to introduce these tongs as a part of his case. It does not appear that plaintiff made any attempt under the Federal Rules of Civil Procedure, 28 U.S.C.A., rules 26 through 30, 34, 37 and 45(b), to procure or require production in court of the tongs involved in the accident in question, or to examine on deposition any agents or employees of the defendant for the purpose of obtaining information in connection therewith.

Plaintiff being unaided by any inference that defendant had the tongs and could identify them in order to produce them in court, and the record being devoid of any evidence that the tongs in question were dull or otherwise defective in their condition, it was the duty of the district court to instruct the jury to find in favor of defendant at the close of plaintiff's evidence, and, in failing to do so, the court committed reversible error.

2. Defendant's motion for a directed verdict at the close of all the evidence.

What we have already said indicates that a reversal of the judgment is required. Although it is not necessary, we refer also to the failure of the district court to sustain defendant's motion for a directed verdict at the close of all the evidence. What we have said in regard to the motion made at the close of plaintiff's case applies as well to the motion made at the close of all the evidence. In addition thereto, no inference in regard to whether the tongs used by plaintiff were sharp or dull could be justifiably drawn against defendant because the uncontradicted testimony shows that it

could not have produced those tongs if it had wished to do so. According to the evidence, it was the practice of defendant's commissary to replace tongs on order of the pantryman. Further, an inspection of the representative tongs in evidence reveals that they bear no number or other distinguishing mark so as to enable one to identify any particular tongs. The record shows that all pantryman's tongs look alike. Therefore, even if defendant desired to produce the tongs which plaintiff used, it would have been impossible to identify them. Moreover, no occasion arose for an effort by defendant to locate those tongs during a period of five months after plaintiff's injury because during that time he never complained concerning their condition. For these reasons we hold that no inference unfavorable to defendant can be legitimately drawn because of its inability to produce the tongs used by plaintiff.

We therefore conclude that it was reversible error for the district court not to sustain defendant's motion for a directed verdict at the close of all the evidence.

3. Defendant's motion for judgment notwithstanding the verdict.

For the same reasons as those above expressed, we find that it was reversible error not to sustain defendant's motion for judgment notwithstanding the verdict.

Accordingly the judgment from which this appeal was taken is reversed and this cause is remanded to the district court with directions to enter a judgment dismissing the action on the merits.

Reversed and remanded with directions.

FINNEGAN, C. J., concurs in result.

DUFFY, Chief Judge (concurring).

I think we are deciding this case correctly for the reason that there is not even a scintilla of evidence to support the charge of negligence by the defendant. However, I have considerable doubt that our decision will be upheld.

Judge SCHNACKENBERG has pointed out that in a case decided in 1948, the Supreme Court disclaimed any intention to make "for all practical purposes, a railroad an insurer of its employees." That charge had been made by Judge Major, a great Chief Judge of this Court. Griswold v. Gardner, 7 Cir., 155 F.2d 333, 334.

In my opinion there was considerable basis for Judge Major's conclusion. In his dissenting opinion in Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, 358, 63 S.Ct. 1062, 1066, 87 L.Ed. 1444, Mr. Justice Roberts was apparently of that view. He said: "Finally, I cannot concur in the intimation, *which I think the opinion gives*, (emphasis supplied) that, as Congress has seen fit not to enact a workmen's compensation law, this court will strain the law of negligence to accord compensation where the employer is without fault."

In any event, there has been a substantial change in the personnel of the Supreme Court since 1948. Recent cases of that Court set forth in my opinion in Gibson v. Elgin, Joliet & Eastern Ry., 6 Cir., 246 F.2d 834, on rehearing, have just about convinced me that in any case where a trial judge submits a case to the jury under the F. E. L. Act, and the jury returns a verdict for the plaintiff, the defendant may as well pay up, irrespective of the proof on the question of negligence and causation. I am also being driven to this extreme position by the statement in the opinion of Mr. Justice Brennan in Rogers v. Missouri Pacific Railroad Company, 1956, 352 U.S. 500, 508, 77 S.Ct. 443, 449, 1 L.Ed.2d 493: "The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference." To further emphasize the view of a majority of the Court, Mr. Justice Brennan, in a footnote, 352 U.S. at page 508, 77 S.Ct. at page 449, emphasizes that circumstantial evidence may be more certain, satisfying and persuasive than direct evidence.

In view of these recent decisions, I have great difficulty in visualizing a situation where an inference could not be made from some kind of circumstantial evidence, which would be said to support a verdict for the plaintiff. If I were completely convinced, it would be my duty to dissent in the case at bar. Gibson v. E. J. & E. Ry. Co., 7 Cir., 246 F.2d 834, opinion on rehearing. However, I shall await with great interest further pronouncements by the Supreme Court.