Elizabeth E. NICHOLSON, Plaintiff-Appellant,

v.

ERIE RAILROAD COMPANY, Defendant-Appellee.

No. 172, Docket 24717.

United States Court of Appeals
Second Circuit.

Argued Feb. 13, 1958.

Decided April 8, 1958.

George Schylinski, New York City, for plaintiff-appellant.

J. Roger Carroll, New York City (Davis, Polk, Wardwell, Sunderland & Kiendl, New York City on the brief), for defendant-appellee.

Before HINCKS and LUMBARD, Circuit Judges, and DIMOCK, District Judge.

DIMOCK, District Judge.

Plaintiff appeals from a judgment dismissing the complaint at the close of the entire case. The complaint was dismissed for failure to make out a claim under the F.E.L.A. Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U.S.C. sec. 51 et seq.

Plaintiff, an employee of defendant Erie Railroad, seeks to recover damages for personal injuries suffered when a passenger on one of defendant's trains struck her leg with something like a suitcase which he was carrying. Plaintiff's theory is that because of defendant's failure to afford her toilet facilities she was forced to and did use for that purpose the lavatory in the car in which she was injured.

Plaintiff's post of duty was in the Jersey Avenue Car Shops in the Jersey City yards. She lived in Bloomfield, N. J., and was accustomed to travel back and forth on defendant's trains, using the Jersey City station. She was the only woman employee in the shops and there was no women's toilet so that she was accustomed to use the lavatory in any one of the cars standing on tracks adjoining the shop awaiting use. If there were no cars there she would "go to Eleventh Street, where 519 was—go down and use the toilet facilities in there." She had protested against this state of affairs but it had obtained all of the twenty-nine years while she had been employed there. On December 31, 1947, she was excused early at 2:30 p.m. She would have taken a bus to the station from whence her train would leave except that she wanted to use the toilet and so she went into the yard where she knew there were trains. The foreman of the yard brought her to empty train 27 and told her that it was going right down to the station. The train would thus serve a double purpose for her. She got into one of the cars, left her pocketbook and bag on a seat opposite the lavatory and went in. By the time she came out the train had started and reached the station and passengers were jumping on while it was going. She waited until the train had stopped and no more passengers were coming in and then reached across for her pocketbook and bag and was then struck by something carried by one of the passengers who had previously boarded the train. She fell and was injured.

To render defendant liable it must have violated some duty. The violation of duty here claimed to exist is the failure to supply women's toilet facilities in the shop. If we were to apply the conventional law of negligence plaintiff would clearly be without right of recovery. At common law, in a case such as this, a defendant is negligent only when his conduct involves an unreasonable risk of subjecting the plaintiff to the hazard from which the harm results. Restatement, Torts § 281(b), Comment e.

We are of opinion that, even if there was evidence sufficient to take the question of negligence to the jury under the F.E.L.A.—which we do not decide—still the court below was correct in dismissing at the close of the evidence. The causation requisite for recovery under the F.E.L.A. is lacking.

■■ It is true that, to impose liability on the defendant, the negligence need not be the proximate cause of the injury. The F.E.L.A. has its own rule of causation. The injury need only be one "resulting in whole or in part" from the negligence. 45 U.S.C. § 52. The question of causation is one for the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493.

The case of Ringhiser v. Chesapeake & O. R. Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268, which involved an injury to a railroad employee while using a gondola car as a toilet, is of no help on this question of causation because there the court found that negligence of a yard crew in bumping the gondola car was a sufficient cause under the F.E.L.A. and did not find it necessary to pass on the question whether the failure to supply toilet facilities was such a cause. In the Ringhiser case an engineer had left his cab to use the gondola car as a toilet. While he was doing so a yard crew made normal contact between two cars and the gondola and caused its contents to slip and injure him. There was evidence that the railroad knew that its employees used gondola cars for toilet purposes. Referring to that, the Supreme Court said, 354 U.S. page 901, 77 S.Ct. at page 1094. "In that circumstance there were probative facts from which the jury could find that respondent was or should have been aware of conditions which created a likelihood that the petitioner would suffer just such an injury as he did." The basis of liability there was thus negligence of the yard crew who caused the contact in not looking out for someone who they should have known might be using the gondola for toilet purposes rather than negligence of the railroad in not supplying toilet facilities for the plaintiff on his engine. The question whether the failure to supply toilet facilities was a cause of the injury was therefore not involved.

Speaking literally it cannot be denied that in the case at bar failure to supply toilet facilities "played a part" in producing plaintiff's injury. If defendant had supplied indoor toilet facilities plaintiff would not have been where the passenger's baggage struck her. It is not enough, however, that the injury would not have happened "but for" the negligence. Assume that plaintiff here, because of the delay incident to her long way around via the car's lavatory, took a train that arrived at Bloomfield fifteen minutes later than the one which she would have taken if toilet facilities had been furnished at her place of employment and that she was struck by an automobile in the street in Bloomfield on her way home from the station. She would have escaped injury "but for" the failure to supply toilet facilities, yet the causation certainly would not even meet the modest requirements of the terms of the F.E.L.A. The fault would be too far removed both in space and time from the injury.

The courts must work out case by case the F.E.L.A. causation rule just as they worked out, case by case, the common law causation rule; until we have more precedents it is difficult to formulate such a rule. We believe that in the course of this process we ought to hold that the cause and effect here were too far removed from one another in space and time to satisfy the requirements of the F.E.L.A.

The judgment is affirmed.