Thomas W. **EGGERT**, Plaintiff-Appellant,

v.

**NORFOLK & WESTERN RAILWAY CO. and Erie Lackawanna Railway Co., Defendants-Appellees.**

No. 870, Docket 75–7675.

United States Court of Appeals, Second Circuit.

Argued April 19, 1976.

Decided June 25, 1976.

Richard F. Griffin, Buffalo, N. Y. (Moot, Sprague, Marcy, Landy, Feinbach & Smythe, Buffalo, N. Y., on the brief, Daniel M. Darragh, Buffalo, N. Y., of counsel), for defendants-appellees.

John F. Collins, Buffalo, N. Y. (Collins, Collins & DiNardo, Buffalo, N. Y., on the brief), for plaintiff-appellant.

Before HAYS and MANSFIELD, Circuit Judges, and BRIEANT, District Judge.*

HAYS, Circuit Judge:

Plaintiff-appellant Thomas W. Eggert appeals from an entry of judgment on a decision in the United States District Court for the Western District of New York on October 30, 1975 which granted the defendants' motion for a directed verdict and ordered the dismissal of Eggert's complaint based upon the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* We reverse.

■ The appellant, an engineer for the defendant Erie Lackawanna Railroad Company with approximately seventeen years seniority brought this FELA action to recover for an injury allegedly sustained by him on June 22, 1971, while working in one of defendant Norfolk and Western Railway Company's engines at the Bison Yard near Halstead Avenue in Buffalo, New York. Plaintiff's evidence consisted, in the main, of his own testimony at trial concerning the accident and we must view it on this appeal in the light most favorable to plaintiff. *Hartel v. Long Island Rail Road Co.*, 476 F.2d 462, 464 (2d Cir.), *cert. denied*, 414 U.S. 980, 94 S.Ct. 273, 38 L.Ed.2d 224 (1973).

Eggert testified that he reported for work at 10:30 PM on June 21, 1971 and was assigned as Fireman on Norfolk and Western's Engine 2500 which was to perform switching operations that night in the yard. As Fireman his duties consisted of transmitting signals from the ground crew to Kendall, the Engineer who was operating the locomotive. Eggert ordinarily sat in the rear seat in the engine cab in order to perform this job. In the engine to which he had been assigned, however, the front seat was defectively turned to one side and

---

* Of the Southern District of New York, sitting by designation.

would not swivel properly. Consequently, there was insufficient leg room to allow plaintiff to sit as he normally would in the rear seat and he instead sat on the broken front seat. At the time of the accident the locomotive was pulling approximately twenty cars. Kendall asked Eggert to ascertain the location of the ground crew. Since Eggert could not swivel the seat backwards he got out of it to go into the rear seat to look for the signal from the crew. The engine was slowing down at this moment and, as Eggert was moving between seats, the "slack action" caused by the momentum of the coupled cars bumping into the decelerating locomotive knocked him off balance and he fell onto the brake valve lever in the engine cab injuring his knee.

At the conclusion of plaintiff's case the district court granted the defendants' motion for a directed verdict on the ground that the plaintiff had failed to show that his injury was in any way attributable to negligence on the part of the defendants.[1] We believe that the evidence offered at trial by the plaintiff was sufficient under the applicable FELA standards to entitle him to have the issue of negligence determined by the jury and therefore reverse the judgment of the district court and remand for a new trial.

It is well established that the role of the jury is significantly greater in FELA cases than in common law negligence actions. *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Burns v. Penn Central Co.*, 519 F.2d 512, 514 (2d Cir. 1975); *Eaton v. Long Island R. Co.*, 398 F.2d 738, 741 (2d Cir. 1968) ("[T]here can be no doubt that 'under the [FELA], the right of the jury to pass upon the question of fault and causality must be most liberally viewed.' ") *See, Boeing Co. v. Shipman*, 411 F.2d 365, 370–73 (5th Cir.

1969) (*en banc*). This is so because Congress intended the Act to be remedial legislation, *Urie v. Thompson*, 337 U.S. 163, 181, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and under it "trial by jury is part of the remedy." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360, 82 S.Ct. 780, 784, 7 L.Ed.2d 798 (1962). The Supreme Court has clearly set forth the standard by which FELA claims are to be submitted for the jury's consideration:

> "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played *any* part, *even the slightest*, in producing the injury or death for which damages are sought."

*Rogers v. Missouri Pacific R. Co., supra*, 352 U.S. at 506, 77 S.Ct. at 448 (emphasis supplied) (footnote omitted). *See, Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).

In the instant case the district court failed to apply this test with the breadth and liberality required by the controlling authorities. It could not properly find, on the record before it, that "the evidence here was so thin that, on a judicial appraisal, the conclusion must be drawn that negligence on the part of the railroad could have played no part in [plaintiff's] injury." *Inman v. Baltimore & Ohio R. Co.*, 361 U.S. 138, 140, 80 S.Ct. 242, 244, 4 L.Ed.2d 198 (1959). Rather we hold that a jury could reasonably find that if the engine cab's front seat had been functioning properly at the time of the accident the plaintiff would have been sitting, as was customary, in the rear seat and would not have had to get up to look out or, if he had been sitting in the front seat, would have been thrown back into it rather than against the brake valve lever when the "slack action" jolted the engine. Although it is true as defendants argue that the plaintiff admitted that

---

1. On the record the district court stated:
   "... at the conclusion of the plaintiff's case, I was at that time bothered a bit about the aspect of a chair, whether or not there was any negligence there, but I finally came to the conclusion in my own mind that there was nothing upon which the jury could deter-

mine that there was any negligence in that aspect. Consequently, even under the FELA, which allows a verdict if there is some negligence, there hasn't been a showing of any. So that we have called off the jury, and they are disposed of." Joint Appendix at 226 (Proceedings of October 30, 1975).

"slack action" is a common occurrence on the railroad, a broken front seat may not be and a jury could therefore conclude that the defendants' failure to repair it was unreasonable, given all the circumstances that existed, the relative ease with which the required repair could be made, *see Eaton v. Long Island R. Co., supra* at 742, and the duties plaintiff was required to perform. While it is perhaps slim evidence of negligence it cannot be said that the broken seat played no part at all in the injury to plaintiff and it was therefore error to prevent submission of the issue to the jury. *See, Burns v. Penn Central Co., supra; Steele v. Louisville & Nashville R. Co.*, 506 F.2d 315 (6th Cir. 1974); *Baker v. Baltimore & Ohio R. Co.*, 502 F.2d 638 (6th Cir. 1974); *Mileski v. Long Island R. Co.*, 499 F.2d 1169 (2d Cir. 1974); *Patterson v. Norfolk & Western R. Co.*, 489 F.2d 303 (6th Cir. 1973); *Phillips v. Chesapeake & Ohio R. Co.*, 475 F.2d 22 (4th Cir. 1973); *Lindauer v. New York Central R. Co.*, 408 F.2d 638 (2d Cir. 1969) (*per curiam*). *Cf. Avena v. Clauss & Co.*, 504 F.2d 469 (2d Cir. 1974).

■ The district court also erred in excluding evidence which tended to establish plaintiff's claim, set forth in his complaint and interrogatories, that had there been a guard over the brake valve on which he struck his knee, the injury would not have occurred or would not have been as serious as it was. In particular, evidence of the practices of other railroads with respect to brake valve guards is highly relevant since the existence of alternatives would be significant on the issue of whether defendants acted reasonably in the present case. *See Rodriguez v. Delray Connecting Railroad*, 473 F.2d 819, 821 (6th Cir. 1973). Plaintiff therefore should have been permitted to testify about his experience with regard to this issue.

Reversed and remanded.

MANSFIELD, Circuit Judge (concurring specially):

I concur solely on the ground that the exclusion of proof that other railroads had installed brake valve guards was error, since the evidence was relevant to the claim that the plaintiff's accident was caused by the defendants' failure "to provide a guard or safety device over the emergency brake valve" with the result that "the valve of the emergency air brake protruded out into the space that the plaintiff occupied while working in the cab." See Plaintiff's Answers to Interrogatories, Pars. 6 and 7.

Even assuming that the jolt from normal slack might cause a fireman standing in the cab to be thrown to one side, plaintiff's theory was that a brake valve guard would have avoided or lessened the injury caused by his striking the protruding brake valve. The evidence offered as to the existence of a guard in other cabs was pertinent to that claim. In rebuttal the railroad, of course, might offer evidence that such guards are installed for a different purpose, and would not have prevented or lessened plaintiff's injuries.

Even taking the most liberal view of jury trial rights in an FELA case, however, I cannot agree that the jury might properly find that plaintiff's accident was caused "in whole or in part," 45 U.S.C. § 52, by the defective engine cab seat. Plaintiff contends that the accident occurred when, as he was rising from the forward seat, he was thrown to one side by the concededly normal force of the slack. As Judge Hays observes, the plaintiff's theory was that if the front seat had swiveled properly he would not have attempted to rise from it and thus the accident would not have occurred. On the other hand, if he had decided to sit in the rear seat in the first place or if he had decided not to change seats the accident would also presumably not have occurred. Conversely if he had decided to stand in the first place the accident might well have occurred. Thus the failure of the seat to swivel was at best a "but for" occasion for his rising rather than a cause of the accident. As we have observed in the past with respect to a similar attempt to predicate FELA liability on the failure to distinguish between an occasion and a cause of an accident:

"Speaking literally it cannot be denied that in the case at bar failure to supply toilet facilities 'played a part' in producing plaintiff's injury. If defendant had supplied indoor toilet facilities plaintiff would not have been where the passenger's baggage struck her. It is not enough, however, that the injury would not have happened 'but for' the negligence. Assume that plaintiff here, because of the delay incident to her long way around via the car's lavatory, took a train that arrived at Bloomfield fifteen minutes later than the one which she would have taken if toilet facilities had been furnished at her place of employment and that she was struck by an automobile in the street in Bloomfield on her way home from the station. She would have escaped injury 'but for' the failure to supply toilet facilities, yet the causation certainly would not even meet the modest requirements of the terms of the F.E.L.A. The fault would be too far removed both in space and time from the injury." *Nicholson v. Erie R. R. Co.*, 253 F.2d 939, 941 (2d Cir. 1958).