(No. 52777.—

RAYMOND R. ESCHER, Appellant, v. NORFOLK & WESTERN RAILWAY COMPANY, Appellee.

*Opinion filed October 17, 1980.*

GOLDENHERSH, C.J., dissenting.

Morris B. Chapman, of Chapman & Carlson, of Granite City, for appellant.

Karl D. Dexheimer, of Pope & Driemeyer, of Belleville, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In the circuit court of Madison County, plaintiff, Raymond R. Escher, brought suit against the defendant, Norfolk & Western Railway Company, under the Federal Employers' Liability Act (Act) (45 U.S.C. sec. 51 *et seq.* (1976)), to recover for injuries he suffered while working for the defendant. The jury returned a verdict for plaintiff in the amount of $30,000. The appellate court reversed, finding that plaintiff had failed in his burden of proof and that, consequently, the trial court had erred by not directing a verdict in favor of the defendant. (77 Ill. App. 3d 967.) The case is before us on a certificate of

importance.

The sole issue to be determined is whether the plaintiff produced sufficient competent evidence to sustain the jury's verdict.

On March 26, 1974, the plaintiff, employed by defendant as a carman, was in the company roundhouse awaiting the 3 p.m. buzzer to signal the end of his shift. As soon as the buzzer sounded, plaintiff testified, he moved toward the exit door, following 2½ feet behind another employee, Stanley Schneider. He was looking directly at Schneider's back as they approached the door. Plaintiff further testified that Schneider opened the door but that "it didn't open like it normally should have, and I just *** bumped into him, and I stepped on the back of his foot." Plaintiff thought at the time that he had sprained his left ankle.

Stanley Schneider testified at trial and stated that he had no difficulty with the door at the time of the accident nor at any other time prior to the incident. He stated that he merely stopped in order to open the door and that plaintiff stepped on his heel.

The next day plaintiff returned to work, at which time he reported the incident to his supervisor, Joseph Whitley. Whitley testified that plaintiff had said he turned his ankle when he stepped on the back of Schneider's foot as they were going out the door the previous afternoon. Whitley prepared a report of the incident on March 27, 1974. He also tested the door and found it to be functioning properly.

Four months after the incident, plaintiff went to the company physician, Dr. Diaz, who took X rays of the ankle and administered heat treatments. In January of 1976, approximately 1½ years after seeing the company physician, plaintiff went to Dr. Heidke at the request of his attorney. Dr. Heidke referred the plaintiff to Dr. Richard Koenig, who did not examine plaintiff until 13

months later, in February of 1977. Dr. Koenig testified that he based his opinion of plaintiff's condition on X rays taken earlier by Dr. Heidke, which X rays indicated mended breaks in three or four bones of plaintiff's ankle.

Richard Bain, a general contractor, testified as an expert for plaintiff. Bain stated that he inspected the door in question in September 1977, three years and eight months after plaintiff was injured. He found, at that time, that a brass screw in the doorknob had worn out, causing the latch to slip, and that a metal strip at the top of the door was not properly welded and caused the door to jam. He also stated that the door in question was a light commercial variety which should be used only for light traffic. On cross-examination, Bain admitted that he had no knowledge of the condition of the door at the time of plaintiff's injury.

The Supreme Court has clearly set out the standard to be applied, in FELA actions, to determine if a plaintiff has presented a jury question:

"Under this statute the test of a jury case is simply *whether the proofs justify with reason* the conclusion that employer negligence played any part, even the slightest, in producing the injury \*\*\*." (Emphasis added.) (*Rogers v. Missouri Pacific R.R. Co.* (1957), 352 U.S. 500, 506, 1 L. Ed. 2d 493, 499, 77 S. Ct. 443, 448.)

We recognize that, under the Act, the right of the jury to pass upon the question of the employer's negligence must be liberally construed, since the jury's power to engage in inferences is significantly broader than that under the common law. (*Eggert v. Norfolk & Western Ry. Co.* (2d Cir. 1976), 538 F.2d 509, 511; *Chicago, Rock Island & Pacific R.R. Co. v. Melcher* (8th Cir. 1964), 333 F.2d 996, 999.) However, the plaintiff must produce some evidence of negligence on the part of the employer before the case may be given to the jury. (*Inman v. Baltimore & Ohio R.R.*

*Co.* (1959), 361 U.S. 138, 140, 4 L. Ed. 2d 198, 201, 80 S. Ct. 242, 243; *Milom v. New York Central R.R. Co.* (7th Cir. 1957), 248 F.2d 52, 54.) Also, a nonnegligent employer cannot be held liable for an ordinary accident which occurs in a reasonably safe work environment. *Burch v. Reading Co.* (3d Cir. 1957), 240 F.2d 574, 580.

The plaintiff argues that the appellate court erred in its finding that part of Bain's testimony regarding the "brass screw" and "metal strip" of the door was inadmissible. The appellate court so held because the inspection was made more than 3½ years after the time of the accident, during which time the door had been used over 80,000 times. We agree with the appellate court's conclusion, in that the condition of the door 3½ years after the time of plaintiff's injury is irrelevant absent a foundation in the evidence to show that the condition of the door was the same at the time of Bain's inspection as it was at the time of the incident.

The remaining portion of Bain's testimony, in which he commented that the door was one of a light commercial variety, amounts to a volunteered conclusion. It does not address the question for which his testimony was elicited, *i.e.*, the safety of the door at the time of plaintiff's injury. The fact that a heavier door might have been used does not prescribe a conclusion that a lighter one was unsafe.

Other than Bain's testimony, the only remaining evidence is plaintiff's own statement that the door "didn't open like it should have, and [he] just *** bumped into [Schneider] and *** stepped on the back of his foot." However, plaintiff's own statement also made it clear that he could not have observed the actual opening of the door, because his view was blocked by Schneider's back. Schneider, who clearly saw the door function, testified that he had no trouble opening the door. We therefore conclude that plaintiff failed to meet his burden of proof.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. CHIEF JUSTICE GOLDENHERSH, dissenting:

I dissent. The majority, although accurately stating the test to determine whether the plaintiff presented a jury question, has not correctly applied it to the evidence in this case.

The transcript shows that plaintiff testified that, for a period of approximately two months prior to the occurrence, "the door would jam a lot of times and the door knob would not turn. It was just a bad door in my opinion." He also testified: "As we got to the door I did not open the door. Like I say, Mr. Schneider opened the door, but it didn't open like it normally should have ***."

On cross-examination he stated: "Mr. Schneider was right at the door. The door did not open." "He bumped into the door and thereafter we got the door opened and walked out."

Mr. Schneider's testimony did not conflict with plaintiff's testimony, and, under the controlling cases, whether the defendant employer's negligence played any part in causing plaintiff's injury was a question of fact for the jury. I would reverse the judgment of the appellate court and reinstate the judgment entered on the jury verdict.