**Danny HOLLERAN Plaintiff**

v.

**CROUNSE CORPORATION, et al Defendants**

**No. CIV.A.2003–165 WOB.**

United States District Court,
E.D. Kentucky,
At Covington.

Oct. 5, 2004.

 

John J. Osterhage, Warsaw, KY, for Plaintiff.

Todd M. Powers, Schroeder, Maundrell, Barbiere & Powers, Cincinnati, OH, for Defendant.

### OPINION AND ORDER

BERTELSMAN, District Judge.

## I. INTRODUCTION

Danny Holleran brings this action under the Jones Act and general maritime law. Further, he seeks additional maintenance and cure for injuries he sustained as a result of a fall while throwing a rope on board a towboat that was negotiating a lock at a dam. This matter is before the Court for consideration of Defendant's Motion for Summary Judgment (Doc. # 20).

## II. FACTUAL BACKGROUND

Plaintiff, Danny Holleran, was an American seaman who was a Jones Act employee of Crounse Corporation. He was a second engineer aboard Defendant's Motor Vessel, the *Yvonne Conway*. The vessel is a 1993 twin screw towboat that operates on the navigable waters of this District and Division.

On August 15, 2002, Plaintiff was called upon to assist in making a lock on the Mon River near Pittsburgh, Pennsylvania when a line he was required to throw caught on a winch causing Plaintiff to slip and fall to the deck. Plaintiff remained on board the vessel for the following three days when he was ordered off due to his physical limitations and complaints of pain.

Plaintiff received medical care for his injuries, including a lumbar laminectomy and fusion, at the expense of the employer. Plaintiff claims that he will need continuous care and maintenance to more fully

recover from this injury. Plaintiff claims he has tried to return to work, but is unable to do the job without an assistant and the employer will not provide an assistant. Plaintiff claims that the employer has prematurely discontinued Maritime Maintenance and Cure.

Plaintiff's claims include; Jones Act negligence, unseaworthiness under general maritime law, and additional maintenance and cure. Plaintiff claims that the employer was rushing the locking and trying to fit the vessel and several barges through a lock that was not large enough. To fit, the crew had to "break tow" and separate out half of the barges in order to send them through in two sections. Thus, Plaintiff had to throw a 100' rope up 10' to another employee. The rush was due to the rising water and the need to hurry so the boat could continue its course under certain bridges in the area. Plaintiff also contends that there might have been some coal on the floor that made him slip. Plaintiff also maintains, in support of his allegations of negligence and unseaworthiness, that there was insufficient lighting and insufficient room for him to safely perform his duties.

Plaintiff has been deposed as have a few other witnesses. Defendant asserts that the depositions and other evidence reveal that there is no genuine issue of material fact and that Plaintiff cannot prove negligence or unseaworthiness that would warrant an award under the facts as presented.

Essentially defendant argues that Plaintiff's injury occurred without any negligence on its part or unseaworthiness of its equipment. Defendant further argues that Plaintiff's affidavit contradicts his deposition in several respects and, thus, should not be considered. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir.1986).

There is some merit to these contentions, inasmuch as Plaintiff stated in his deposition that he was unaware of any fault by Defendant or any defect in its equipment. Defendant also argues that medical causation is extremely thin. This argument also has some basis.

### III. ANALYSIS

■ Defendant argues this motion as though it were based on common law negligence and the usual summary judgment standards. Under long standing precedents, however, a Jones Act case, like its FELA ancestor, is a special case, and the usual summary judgment and judgment as a matter of law standards do not apply.

■ The Jones Act, 46 U.S.C.App. § 688, expressly applies FELA standards to seamen. *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 448(6th Cir.2001); *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335(5th Cir.1997). Although the employer's duty under the Jones Act is one of ordinary care the "evidence required to support a jury verdict [is] slight." *Gautreaux*, 107 F.3d at 336.

■ In Jones Act cases, although there must be some evidence of negligence, including some evidence of foreseeability, the fact that causation has not been proved by a preponderance of the evidence does not preclude submission to the jury or a verdict for the plaintiff. Thus, where a worker was bitten by a bug, which might have had contact with a stagnant pool negligently maintained on the employer's property, where it might have imbibed an infectious agent, which might have caused the bitten employee to lose his leg, a jury verdict awarding a substantial amount against the employer would be sustained, despite the weakness of the proof of causation. *Gallick v. Baltimore and Ohio R. Co.*, 372 U.S. 108, 83 S.Ct. 659, 663–65, 9

L.Ed.2d 618 (1963). Accord *Rogers v. Missouri Pac. R. Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

As the Sixth Circuit has recently interpreted these Supreme Court cases:

> Under this standard, the role of the jury is significantly greater in FELA cases than in common law negligence actions. *Eggert v. Norfolk & W Ry. Co.,* 538 F.2d 509, 511 (2d Cir.1976) (citations omitted). As this court has explained, *Rogers* requires a Plaintiff alleging a FELA violation to offer "more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more." *Aparicio v. Norfolk & W. Ry. Co.,* 84 F.3d 803, 810 (6th Cir.1996).

The *Rogers* Court adopted this relaxed standard in order to effectuate Congress' intent when it amended FELA in 1939 "to preserve the plaintiff's right to a jury trial." *Green v. River Terminal Ry. Co.,* 763 F.2d 805, 806 (6th Cir.1985). As the Supreme Court explained,

> The Congress when adopting the law was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury or death of the employee *should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence.*

*Rogers,* 352 U.S. at 508, 77 S.Ct. 443.[ ] In other words, the *Rogers* Court found "that the Congress vested the power of decision in these actions *exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ . . . ." Id.* at 510, 77 S.Ct. 443.

*Richards v. Consolidated Rail Corp.,* 330 F.3d 428, 434 (6th Cir.2003)(emphasis added).

As the same court has further observed in discussing a judgment as a matter of law motion in an FELA case: "[N]o appellate court has approved of applying the customary 'reasonableness' standard when a district court is faced with a motion for judgment as a matter of law [in these cases.]" *Aparicio v. Norfolk & W. Ry. Co.,* 84 F.3d 803, 807 (6th Cir.1996)(extensive review of authorities). Moreover, "The Supreme Court has observed that Congress . . . intended the [FELA] to be a departure from common law principles of liability . . . ." *Id.*

■ Therefore, a plaintiff under these statutes needs to have only "precious little more" than a scintilla of evidence "given the Supreme Court's view that Congress has favored [FELA] plaintiffs with a jury resolution of all colorable factual issues." *Id.* at 810.

■ The Plaintiff here has met this relaxed standard by his adducing a little more than a scintilla of evidence that, *inter alia,* the locking procedure was rushed, the rope throwing procedure was unsafe, there was coal on the deck, there was inadequate lighting, etc. Some of the evidence was independent of the Plaintiff's deposition, such as inferences to be drawn from admitted facts. Therefore, Plaintiff's conclusory statements in his deposition are not determinative.

Therefore, the court being advised,

**IT IS ORDERED** that the:

Defendant's motion for summary judgment be, and it is, hereby **DENIED**.