*Sierra v. National Railroad Passenger Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-three.

PRESENT:
　　　　　EUNICE C. LEE,
　　　　　MYRNA PÉREZ,
　　　　　SARAH A. L. MERRIAM,

　　　　　　　　*Circuit Judges*.

_____

Maria E. Sierra,

　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　　　**No. 22-1574**

National Railroad Passenger Corp.,

　　　　　　　*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:	Steven L. Barkan, Steven L. Barkan, P.C., Melville, NY.

FOR DEFENDANT-APPELLEE:	Sophia Ree, Landman Corsi Ballaine & Ford P.C., New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 28, 2022, judgment of the district court granting summary judgment is **VACATED** and the action is **REMANDED** to the district court for trial proceedings.

Maria E. Sierra was a Coach Cleaner on National Railroad Passenger Corporation ("Amtrak") trains until she suffered an accident cleaning a coach bathroom. Sierra filed a single claim against Amtrak under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60, claiming that Amtrak acted negligently in violation of the statute by, among other things, "failing to provide the Plaintiff with a safe place to work." Joint App'x at 11. She appeals from an order of the United States District Court for the Southern District of New York (McMahon, *J.*) granting summary judgment in favor of Amtrak and dismissing her claim under FELA. Because there is a triable factual issue under FELA as to whether Amtrak was on notice but failed to intervene regarding the potentially hazardous working conditions that Sierra experienced, we vacate and remand for trial proceedings.

## BACKGROUND

Any Amtrak passenger knows that passenger train bathrooms look quite different at the beginning of a trip compared to the end. Coach Cleaners are tasked with restoring these bathrooms to a clean state after each journey, and they are often confronted with "dirty, nasty, and smelly" conditions. Joint App'x at 352. As Sierra describes it, the only way to remove these stains and

the smell is to "[s]crub the floor really good.  Really wet. . . . Wet, wet, mop, mop, scrub really hard."  *Id.* at 43.  The goal?  To "leave the premises impeccable."  *Id.* at 44.

According to Sierra, her usual approach to cleaning—mopping the whole bathroom several times—often resulted in her standing on a very wet floor, a practice potentially contrary to Amtrak's written training materials and which Amtrak describes as a hazard.  Sierra nevertheless testified that she always cleaned this way and that her supervisors witnessed her doing so but never intervened.  On the evening of July 6, 2018, Sierra cleaned seven bathrooms without incident.  When mopping the eighth and final restroom of her shift, however, she slipped and fell on the wet floor and injured her knee.  This suit followed.

## DISCUSSION

For more than a century, federal law has applied a relaxed standard of negligence to claims brought by employees against railroads engaged in interstate commerce.  *See* Federal Employers' Liability Act, ch. 149, §§ 1–10, 35 Stat. 65 (1908) (codified as amended at 45 U.S.C. §§ 51–60).  In applying that standard on a motion for summary judgment, this Court has repeatedly affirmed the "strong federal policy" in favor of letting juries decide cases arising under FELA, *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir. 1993) (citation and internal quotation marks omitted), such that summary judgment is appropriate "[o]nly in instances where reasonable jurors could reach only one conclusion," *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 85 (2d Cir. 1989).  Because we conclude it is possible that a reasonable jury could have reached a conclusion different than that of the district court, we vacate and remand for trial proceedings under the relaxed negligence standard required by federal law in this context.

3

## I.      Standard of Review

It "has been accepted as settled law for several decades," *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 699 (2011) (citation and internal quotation marks omitted), that the standard to be applied by the jury in a FELA case "is simply whether the proofs justify with reason the conclusion that employer negligence played *any part, even the slightest*, in producing the injury or death for which damages are sought," *id.* at 692 (emphasis added) (quoting *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506 (1957); *see also Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006). As the Supreme Court has recognized, "[c]ountless judges have instructed countless juries in [this] language," *CSX Transp.*, 564 U.S. at 699; *see also id.* at 698 n.5 (collecting cases from every court of appeals applying this standard), which is to be read "as a comprehensive statement of the FELA causation standard," *id.* at 695.

In light of this relaxed standard of negligence in FELA cases, this Court has long held that "the right of the jury to pass on factual issues 'must be liberally construed.'" *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 407 (2d Cir. 1999) (quoting *Gallose*, 878 F.2d at 85); *see also Tufariello*, 458 F.3d at 87; *Ulfik v. Metro-N. Commuter R.R.*, 77 F.3d 54, 58 & n.1 (2d Cir. 1996); *Johannessen v. Gulf Trading & Transp. Co.*, 633 F.2d 653, 656 (2d Cir. 1980); *Eggert v. Norfolk & W. Ry. Co.*, 538 F.2d 509, 511 (2d Cir. 1976). Accordingly, when reviewing defendant's motion for summary judgment, it is appropriate for the district court to "take the determination from the jury and decide the question as a matter of law," *Gallose*, 878 F.2d at 85, only when "there is *absolutely no reasonable basis* for a jury to find for the plaintiff," *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 828 (2d Cir. 1994) (emphasis added). We review *de novo* a district court's award of summary judgment, "constru[ing] the evidence in the light most

4

favorable to the plaintiff" and "drawing all reasonable inferences and resolving all ambiguities in [plaintiff's] favor." *Tufariello*, 458 F.3d at 85 (citation and internal quotation marks omitted).

## II.     Triable Issue on Sierra's FELA Claim

Given the relaxed negligence standard in summary judgment motions under FELA, there is a genuine dispute of material fact as to whether Amtrak had notice that Sierra was cleaning bathrooms in a potentially hazardous manner but failed to intervene.

The district court incorrectly found "nothing in the record indicating that Amtrak had actual or constructive notice of the slippery conditions of the train bathrooms or that the methods required to clean said bathroom creat[ed] unsafe and slippery conditions." Special App'x at 11 (citation and internal quotation marks omitted). Sierra testified that "[o]n many occasions," Amtrak foremen—the employees "in charge of the work being performed" on the trains— "would come by while [she] was working and observe [her] work." Joint App'x at 277–78; *see also id.* at 48, 50 (describing her cleaning process on the night of her injury as "routine"); *id.* at 298–301, 311–12 (recalling that during her cleaning shifts on Acela trains, including on the night in question, "very particular" and "demanding" foremen would "walk by" to confirm that employees were complying with company policies, such as requirements to use personal protective equipment and proper footwear). In particular, Sierra noted that "the foreman observed [her] cleaning the bathroom and scrubbing with [her] mop *while standing on a wet floor*" and that "[t]here were no complaints or instructions not to do work in this manner." *Id.* at 278 (emphasis added); *see also id.* at 344 ("[Sierra] had been observed on many occasions washing the bathroom floor in this ma[nn]er by the Amtrak Foremen, who were constantly walking the train and watching her clean and [Sierra] was never told that she was mopping in an improper manner."). Amtrak concedes that it "was well aware of the hazards of walking on a

5

wet surface," Appellee's Br. at 38, but it disputes that its foremen had knowledge of Sierra's practice of cleaning while standing on wet floors, *id.* at 39; *see also* Joint App'x at 375 (attacking Sierra's statements as "speculative, vague and conclusory"). In light of FELA's relaxed negligence standard, this dispute constitutes a triable issue.

The district court also faulted Sierra for "not identify[ing]" the specific foremen whom she claims had observed her mopping while standing on a wet floor. Special App'x at 12. But failure to name a foreman does not make Sierra's statement vague, and we have held that a plaintiff's testimony "is a permissible and sufficient means of establishing that a genuine issue of material fact exists requiring a trial," even without independent corroboration. *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59–60 (2d Cir. 1997); *see also Ulfik*, 77 F.3d at 60 ("Under FELA, the circumstantial evidence . . . was sufficient to create a genuine issue of material fact . . . ."). Sierra testified that foremen regularly observed her working and that they saw her standing on a wet floor "[o]n many occasions." Joint App'x at 278. Because the "quantum of evidence that suffices in FELA cases is significantly lower than in ordinary torts cases," *Nelson v. Metro-N. Commuter R.R.*, 235 F.3d 101, 106 (2d Cir. 2000), what Sierra has put forward is enough to defeat summary judgment under FELA.

We thus hold that the district court erred by taking the question of FELA liability away from the jury.[1] We **VACATE** the judgment of the district court and **REMAND** for trial proceedings consistent with this opinion.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Having found a genuine dispute of material fact as to notice of the potentially hazardous floor condition, we do not reach the parties' arguments about compliance with local rules or the adequacy of Sierra's training and cleaning equipment as provided by Amtrak.